## GEORGE MUNDEN v. THE STATE.

1. A reasonable apprehension of great bodily harm, or that life is endangered, will excuse a party for using all necessary force to protect his person or his life; and it is not necessary that there be actual danger, provided he acted on a reasonable apprehension of danger.

2. It was not error for the court below to refuse to give the jury a special charge to the effect that " if they believed, under the charge, that the " defendant was not guilty, they should say so in their verdict." The jury should have no belief as to the guilt or innocence of the accused, except what they derive from the evidence as applied to the law of the case.

3. To justify a verdict of acquittal in a criminal prosecution, it is not necessary that the jury should believe the defendant not guilty. A reasonable doubt is sufficient; and if the State fails to satisfy them of his guilt, they should acquit, even though they do not believe him innocent.

APPEAL from Harrison. Tried below before the Hon. J. B. Williamson.

The material facts of the case are sufficiently stated in the opinion of the court.

*William Stedman* and *H. McKay*, for appellant.

*William Alexander, Attorney-General*, for the State.

WALKER, J. This was an indictment for an assault with intent to murder.

It is very true, that a reasonable apprehension or belief that the defendant was about to receive some serious bodily injury, or that his life was then and there in danger, would excuse the party for using all necessary force to protect his life or his person. The court may not have stated the law with clearness, and in fact did not. It is not necessary that there should actually be danger, and that the jury should find that, as a substantive fact, there was danger to the life or person of the defendant. It is sufficient that a reasonable man should have ground to appre-

23

hend or fear the danger, in order to justify his using force to repel it. But we do not think that the evidence in this case was of such a character as to render the charge of the court on this point material to him.

A previous difficulty having occurred between the parties, the defendant armed himself with a knife, and then, approaching the party assaulted, used such language towards him as was calculated almost certainly to provoke personal chastisement; and the instant McKenna returned the insult by a blow, the defendant was ready with his knife to strike home with a deadly purpose.

Counsel for defendant assigned for error the refusal of the court to give to the jury the special charges asked by the defendant on the trial below. So far as these charges contained the law, they were substantially given in the general charge.

The refusal of the court to give the last charge asked was right and proper, as it is not the law. A jury should have no belief as to the guilt or innocence of the defendant, except what they derive from the evidence applied to the law of the case. They are not required to believe the defendant not guilty, in order to acquit; they may acquit upon any reasonable doubt of his guilt; and they may acquit him without actually believing the defendant innocent, if the State has failed to satisfy them of his guilt. We do not think any injustice has been done the appellant in this case, and we therefore affirm the judgment.

Affirmed.