BUCK BRAY v. THE STATE.

1. REASONABLE DOUBT IN CRIMINAL CASES.—It is error to charge the jury "that such doubt must not be a mere possible doubt, but it must be a doubt sustained by the evidence, upon a review of all the facts and circumstances of the case, such as a reasonable man would act upon in any of the important concerns of life."

2. THEFT—TRESPASS.—In a trial for theft, when the evidence shows a public taking and a claim of right in the property by the accused, the jury should be instructed that any reasonable doubt as to the honest or felonious intent should be given in favor of the accused.

3. OATH OF JURY IN STATE CASES.—Record must show that the jury was sworn in criminal cases. The recitation of an oath different from that prescribed is fatal, and is ground for reversal, although the record may also state that the jury were duly sworn.

APPEAL from Lamar. Tried below before the Hon. J. C. Easton.

*V. W. Hale,* for appellant, cited Pas. Dig., arts., 3060, 3103, 3105, 3108; Brown *v.* The State, 23 Tex. 199; 1 Greenl. on Ev., §§ 2, 35, 37; 1 Bish. Crim. Pro., secs., 818, 819, and note 1; Schultz *v.* The State, 13 Tex., 427; Mullins *v.* The State, 37 Tex., 340; Herber *v.* The State, 7 Tex., 69; 2 Bish. Crim. Law, sec. 873; Thurman *v.* The State, 33 Tex., 684; Gardiner *v.* The State, 33 Tex., 696.

*George Clark, Attorney General,* for the State, cited Shultz v. The State, 13 Tex., 428; Henderson v. The State, 14 Tex., 513; Powers v. The State, 16 Tex., 546; Vaughan v. The State, 21 Tex., 752.

DEVINE, ASSOCIATE JUSTICE.—Defendant was convicted of the theft of a cow, and presents for our consideration, as grounds for a reversal of the judgment, that "the court erred in the charge to the jury, and especially the fifth subdivision thereof;" and "the court erred in overruling defendant's motion for a new trial."

The court erred in the charge referred to, which, after stating that the accused was entitled to the benefit of all reasonable doubt, proceeded to say: "The doubt must not be a mere possible doubt, but it must be a doubt sustained by the evidence, upon a review of all the facts and circumstances of the case, such as a reasonable man would act upon in any of the important concerns of life." This portion of the charge was erroneous, and calculated to mislead the jury, and when examined will be found the reverse of that which should have been given.

We are of opinion, when the conflicting evidence in this case is considered, both as regards the ownership of the cow, the public manner, and the place where the animal was killed, and when, in addition to these facts, the evidence relating to the claim of ownership and belief of its being his father's property is kept in view, that it was not sufficient to inform the jury that "if the taking was under an honest though mistaken claim of right, the accused would not be guilty."

The jury should likewise have been told that any reasonable doubt as to the honest or felonious intent should be given in favor of the accused.

The omission to administer to the jury the oath required by law is alone a fatal defect. Art. 563 of the code (Pas. Dig., art. 3029) prescribes the oath in all criminal cases.

The oath administered to the jury in this case is "well and truly to try the issue joined between the State of Texas, plaintiff, and Buck Bray, charged with the theft of a cow." The statement that the jury were duly sworn, or sworn according to law, would import that the oath required by the code had been administered. The recital of the oath administered in this case shows affirmatively that the form required has not been followed. (Hays v. The State and Bob Sutton v. The State, decided at the present term.)

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.