CHARLES SMITH v. THE STATE.

"REASONABLE DOUBT" — CHARGE OF THE COURT. — Note in this case an instruction on the doctrine of reasonable doubt held to be erroneous because, overslaughing the presumption of innocence, it in effect conditioned a verdict of acquittal upon the jury's belief that the accused was innocent, instead of on the sufficiency of the evidence to establish his guilt beyond a reasonable doubt.

APPEAL from the District Court of Falls.    Tried below before the Hon. L. C. ALEXANDER.

The indictment charged the appellant with having received certain oxen, knowing them to have been stolen.    The jury found him guilty and assessed his punishment at three years in the penitentiary.

*J. D. Oltorf* and *Anderson & Flint,* for the appellant.

*W. B. Dunham,* for the State.

CLARK, J.    In the course of the charge, the judge, after instructing the jury as to the reasonable doubt, substantially in the language of the statute, gave the following additional instruction : —

" By the words, ' beyond a reasonable doubt,' is not meant beyond a possible doubt, nor beyond an imaginary doubt, nor beyond a doubt which might arise in a supposed case, but such a doubt as naturally presents itself to the mind in view of all the evidence, and as would arise in the minds of men of good judgment and sense.    Unless all the material facts proven should establish the conclusion that the defendant is guilty, to the exclusion of a reasonable belief that he is not, the jury should acquit."

The substance of the first sentence in the extract quoted has been condemned as erroneous (*Bray* v. *The State,* 41 Texas, 560), and the last sentence but magnifies the error. The establishment of a conclusion in the minds of the jury

that the defendant is guilty, to the exclusion of a reasonable belief that he is not guilty, is not tantamount to the establishment of a conclusion in their minds, beyond a reasonable doubt, that the defendant is guilty of the accusation for which he is upon trial; nor is it a plain and distinct statement of the law. It is not essential to an acquittal that the jury should entertain a reasonable belief, or any other kind of belief, that the defendant is not guilty; but the law presumes that he is not guilty until his guilt is established by competent evidence, to the satisfaction of a jury, beyond all reasonable doubt. And when a jury is unable to say upon their oaths, from the evidence, that the defendant upon trial is proven guilty beyond a reasonable doubt, the law requires them to return a verdict of acquittal, whether they believe him guilty or not. *Munden* v. *The State*, 37 Texas, 353; *McMillen* v. *The State*, 7 Texas Ct. App. 142.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*