## BOB SHAW v. STATE.

No. A-1037.    Opinion Filed June 6, 1912.

(123 Pac. 1116.)

APPEAL—Exceptions—Refusal of Continuance. When no exception is taken to the action of a trial court in overruling a motion for continuance, and no assignment of error is predicated thereon in the petition in error, this court will not consider the same, unless an arbitrary abuse of discretion appears, which deprived an accused of a substantial right.

(Syllabus by the Court.)

*Appeal from District Court, Coal County;*
*A. T. West, Judge:*

Bob Shaw was convicted of a felony, and appeals. Affirmed.

*C. M. Threadgill* and *George Trice,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, Bob Shaw, was convicted in the district court of Coal county, at the September, 1910, term, on a charge of larceny·of domestic animals, and his punishment fixed at imprisonment in the state penitentiary for a period of five years.

The property stolen consisted of two mules belonging to the Western Coal & Mining Company, at Coalgate. They were taken on the 28th of April, 1910, and later recovered at Palestine, Tex. Will Hill testified on behalf of the state, and confessed to assisting the accused, Bob Shaw, in stealing the mules in question, and detailed the transaction completely. He was corroborated by other parties, who saw him and the accused in possession of the team, and many other facts and circumstances in evidence, which conclusively establish the guilt of the accused.

There are only two questions argued in this case. The first is that the court erred in overruling the motion for continuance.

No exception was taken to the action of the court in overruling the motion for continuance; and the petition in error does not assign this as a ground for reversal. For that reason, it is not before this court for review. See *Bennefield v. United States,* 2 Okla. Cr. 44, 100 Pac. 34, and *Rea v. State,* 3 Okla. Cr. 281, 105 Pac. 386. The question of continuance is addressed to the sound discretion of the court, and is not reversible, unless a clear abuse is shown. We are of the opinion, however, that the court did not commit error in overruling this application. It does not appear that attachment was asked for the absent witness; and it does not appear from the face of the motion that the evidence of the witness was material to the defense of the accused.

The second proposition argued is that the trial court erred in admitting certain incompetent and irrelevant testimony. We do not find prejudicial error of this character sufficient to justify a reversal of the judgment; and it is therefore affirmed.

FURMAN, P. J., and DOYLE, J., concur.