John Dale **CHURCH**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–13700.

Court of Criminal Appeals of Oklahoma.

Oct. 6, 1965.

John D. Harris, Tulsa, for plaintiff in error.

Charles Norman, City Atty., City of Tulsa, for defendant in error.

BUSSEY, Presiding Judge.

John Dale Church was charged in the Municipal Criminal Court of the City of Tulsa by information, the charging part of said information providing:

"* * * On or about the 13th day of March, 1965, within the corporate limits of the City of Tulsa, Tulsa County, Oklahoma, JOHN DALE CHURCH, the above named defendant, did then and there unlawfully and wrongfully, maliciously injure property not his own, to-wit: windows to a motor vehicle, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Oklahoma. * * *"

On the 23rd day of March, 1965, defendant appearing in person and without counsel, was arraigned before the Honorable Luther P. Lane, who advised him of his rights and after being advised of his rights, the defendant voluntarily entered a plea of guilty and was by the court sentenced to serve a term of six months in the county jail of Tulsa County, the judgment and sentence providing:

"* * * Now, on this 23rd day of March, 1965, the same being a judicial day of said Court, and the time appointed for judgment in the above entitled cause, and said cause coming on for judgment, and the defendant JOHN DALE CHURCH, being personally present in open Court and having been legally charged with the offense of OS 1760 Malicious Mischief and having been duly arraigned thereon, and having pleaded guilty of said offense, in said Court, the prisoner is now informed of the nature of the charge of his plea and of the verdict, and is asked by the Court whether he has any legal cause to show why judgment and sentence should not be pronounced against him and alleging no sufficient cause why judgment and sentence should not be pronounced against him, and none appearing in the Court, the Court does now hereby adjudge and sentence the said defendant for the said offense by him committed,

"IT IS THEREFORE CONSIDERED AND ADJUDGED by the Court that the defendant, pay a fine of . . . . . . dollars ($. . . . . .) to the City of Tulsa and be imprisoned in the County Jail of Tulsa for a period of 6 months flat from this date and that he pay the costs herein taxed at $9.00. It is ordered by the Court that the Chief of Police of City of Tulsa transport defendant to the County Jail and that the Sheriff of Tulsa County keep defendant confined for a period of 6 months flat and then —— do —— do not, return said defendant to the custody of the City Jail unless otherwise ordered.

s/ LUTHER P. LANE

JUDGE, Municipal Court of the City of Tulsa, Tulsa, Oklahoma."

Thereafter on the 26th day of March, 1965, there was filed on behalf of the defendant an application to withdraw the plea of guilty previously entered and for an order of the court directing that the case be tried to a jury.

Hearing was held on said application, and at the conclusion of said hearing the trial court denied said application, and a timely appeal was perfected to this Court.

No briefs were filed on behalf of the respective parties, and this cause was sub-

mitted on the record this date under provision of Rule 6 of this Court.

From an examination of the information and judgment and sentence, it is readily apparent that the trial court assumed that the allegations contained in the information were laid under the general provisions of Title 21 O.S. § 1760, and accordingly imposed punishment for a violation of the same. Title 21 O.S. § 1760 provides:

"Every person who maliciously injures, defaces or destroys any real or personal property not his own, *in cases other than such as are specified in the following sections,* is guilty of a misdemeanor, and in addition to the punishment prescribed therefor, he is liable in treble damages for the injury done, to be recovered in a civil action by the owner of such property or public officer having charge thereof." (Emphasis supplied.)

The court's assumption in this connection would have been correct had not the Legislature enacted in the following sections Title 21 O.S. § 1787 and § 1788, and subsequently enacted Title 47 O.S. § 4–104. Title 21 O.S. § 1787 and Title 47 O.S. § 4–104 specifically prohibit injury to a motor vehicle, and Title 21 O.S. § 1788 fixes the punishment to be imposed therefor at a fine of not less than Five ($5.00) Dollars nor more than One Hundred ($100.00) Dollars.

Under the statutes above set forth, it is the order of this Court that the judgment and sentence appealed from be modified to a fine of $100.00 and costs, and as so modified the judgment and sentence is affirmed.

Modified and affirmed.

NIX and BRETT, JJ., concur.