**James Curtis GILBREATH, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–403.**

Court of Criminal Appeals of Oklahoma.

Oct. 4, 1976.

Don Anderson, Public Defender, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

OPINION

BLISS, Judge:

Appellant, James Curtis Gilbreath, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF–75–1892, for the crime of Grand Larceny. His punishment was fixed at a term of ten (10) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

We deem it unnecessary to recite the facts inasmuch as the case must be reversed and remanded for a new trial.

██  Defendant's first assignment of error asserts that the trial court erred by refusing defendant's requested instruction

relative to Petty Larceny. Whether or not such an instruction is proper in this instance depends on the conclusiveness of the proof regarding the value of the air conditioner the defendant allegedly took. It is well established that the correct scale for evaluating an item's worth is its fair market value. *Fugate v. State,* 80 Okl.Cr. 200, 158 P.2d 177 (1945); *Filson v. Territory,* 11 Okl. 351, 67 P. 473 (1902). Generally, expert testimony is not required to establish this fair market value. *Lefthand v. State,* Okl.Cr., 398 P.2d 98 (1965). The owner of the property who is familiar with its cost and use is qualified to comment on its fair market value. With these policies the trial court's actions do not clash. The difficulty arises upon application of 22 O. S.1971, § 916, and a multitude of Oklahoma case law which require the court to instruct on lesser offenses unless the evidence is so conclusive as to disallow the reasonable jury from finding the existence of that lesser crime. *Thoreson v. State,* 69 Okl:Cr. 128, 100 P.2d 896 (1940); *Inklebarger v. State,* 8 Okl.Cr. 316, 127 P. 707 (1912); *Kilpatrick v. State,* 71 Okl.Cr. 129, 109 P.2d 516; *Palmer v. State,* Okl. Cr., 327 P.2d 722 (1958). The evidence in the present case falls far short of being so conclusive. Two witnesses testified about the air conditioner's value, but neither could say what the fair market value was, or if this value exceeded $20.00. [Trial transcript Pgs. 9–12 and Pgs. 27 & 28.] This rather vague and indefinite testimony could lead a jury to find a value in excess of $20.00 and as easily as not a value less than $20.00. The point is that the jury was denied the opportunity to choose between these reasonable alternatives as required by law.

In light of required reversal for reasons above stated, we shall not deal with other asserted errors.

For the above and foregoing reasons, the judgment and sentence appealed from is REVERSED AND REMANDED for a new trial.

BRETT, P. J., and BUSSEY, J., concur.