**Antonio FIXICO, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–827.**

Court of Criminal Appeals of Oklahoma.

March 31, 1987.

D. Lynne Hunt, Asst. Appellant Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Antonio Fixico, was charged, tried and convicted in the District Court of Kiowa County, Case No. CRF–83–56, for the offense of Grand Larceny, After Former Conviction of a Felony. His punishment was assessed at a term of six (6) years imprisonment. We affirm.

The complaining witness, Sam Judd, Jr., was remodeling a house he owned in Mountain Park, Oklahoma, in October of 1983. On completing work on October 11, 1983, he secured his materials for the night. Upon returning the following morning, Mr. Judd noticed some of his building materials had been disturbed and others were missing. A neighbor informed Mr. Judd that he witnessed the appellant carry off the building supplies on the previous night. (At trial, three witnesses testified to this fact.) Mr. Judd thereafter notified the town marshall, who came to the location to investigate. Their investigation led them to the residence of the appellant's sister where, in the yard, they discovered materials that had been taken from Mr. Judd's residence. The stolen materials were taken to Mr. Judd's storage shed on his property. The items placed into the shed were not inventoried, nor was it ascertained whether items were already in the shed. Six months later, Investigator Steve Nesbitt asked Mr. Judd if he still had the items locked in the shed and thereafter photographed the stolen articles. The appellant, as well as four other witnesses, testified on his own behalf. He denied taking the items.

### I.

In his first assignment of error, the appellant challenges the sufficiency of the evidence adduced at trial to sustain his conviction for grand larceny. The appellant first asserts that the evidence was insufficient to support his conviction, because the State failed to prove an adequate foundation for the admissibility of the evidence. Specifically, the appellant contends that the chain of custody of the stolen articles was inadequate since the complaining witness retained the custody and control of the articles until trial, and that, days before trial, photographs were taken of the articles and the photographs admitted into evidence.

■ This Court has repeatedly held that the purpose of the chain of custody rule is to ensure that demonstrative evidence introduced at trial is in substantially the same condition as when the article was obtained. *Driskell v. State*, 659 P.2d 343 (Okl.Cr.1983). Thus, the foundation provides a reasonable certainty of the integrity of the evidence, and the unlikelihood of contamination, alteration or tampering. *Id.* However, this Court has also held that it is not necessary that all possibility of alteration be negated, and that any doubt as to the circumstances surrounding the exhibit's preservation goes to the weight of such evidence rather than its admissibility. *Hays v. State*, 617 P.2d 223 (Okl.Cr.1980). While the ancestry of the rule dates as far back as 1909 in Oklahoma, in *Bennefield v. United States*, 2 Okl.Cr. 44, 100 P. 34 (1909), the rule is absent from the Oklahoma Evidence Code, enacted in 1978, and such a stringent foundation is therefore not now always required.

With limited exceptions, the Oklahoma Evidence Code provides that "[a]ll relevant evidence is admissible...." 12 O.S.1981, § 2402. The Code defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." 12 O.S. 1981, § 2401. However, "[w]hen the relevancy of evidence depends upon the fulfillment of a condition of fact, the judge shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition." 12 O.S.1981, § 2105(B). Therefore, a necessary condition or prerequisite for the admission of the demonstrative evidence is proper authentication or identification. 12 O.S.1981, § 2901.

■ An exhibit's identity or authenticity, sufficient for its admission into evidence, is thus satisfied "by evidence sufficient to support a finding that the matter in question is what its proponent claims it to be." 12 O.S.1981, § 2901(A). Generally speaking, this foundational predicate is fulfilled through "[t]estimony that a matter is what it is claimed to be[.]" 12 O.S.1981, § 2901(B)(1). Therefore, regardless of the custodian of the evidence, the evidence is admissible upon testimony that the exhibit is what the proponent claims it to be. Any doubt as to the preservation of the exhibit therefore goes to its weight and not its admissibility. In situations where the exhibit consists of such items as illicit substances or bodily specimens, a more exhaustive foundation is required. *See, e.g.*, 12 O.S.1981, § 2901(B)(3) and (4). *See also Driskell v. State*, 659 P.2d 343, 354–55 (Okl.Cr.1983). In these instances, a chain of custody will circumstantially support a finding that the item is what the proponent claims it to be.

■ In the case at bar, the complaining witness testified that several photographs, depicting various building materials, accurately represented the stolen articles which he had retained in his storage shed. Accordingly, the exhibits were properly admitted into evidence, pursuant to 12 O.S.1981, § 2901(B)(1). Therefore, any doubt as to the circumstances surrounding the preservation of these articles went only to the weight to be given to such evidence.

The appellant secondly asserts that the evidence was insufficient to support his conviction for grand larceny, because the State failed to prove the value of the stolen articles. We must reject this contention as well. This Court has held "[i]n a larceny prosecution the value of the property stolen must be proven as a fact and it is to be determined by the jury." *Morris v. State*, 491 P.2d 784, 785 (Okl.Cr.1971). In *Gilbreath v. State*, 555 P.2d 69 (Okl.Cr.1976), this Court held that the correct value to be accorded a stolen article was to be determined by fair market value. Furthermore, "[t]he owner of the [stolen] property who is familiar with its cost and use is qualified to comment on its fair market value." *Id.* at 70.

■ In the case at bar, the complaining witness testified that the stolen property's fair market value was "in the neighborhood of $200.00." Therefore, there was competent evidence in the record for which the jury could have determined that the value

of the property was in excess of $50.00. 21 O.S.1981, § 1704; *Dodson v. State*, 674 P.2d 57 (Okl.Cr.1984). Accordingly, the appellant's first assignment of error is without merit.

## II.

In his second assignment of error, the appellant claims the trial court erred by failing to instruct on the lesser included offense of petit larceny. We disagree. The appellant objected at trial to the entire body of the instructions. However, the record is devoid of any ruling on the appellant's objection. As a general rule, it is the objecting party's obligation to obtain a ruling on the objection, or such objection is waived on appeal. *Accord Midwestern Engine & Equipment Co. v. Childers*, 323 P.2d 738 (Okl.1958). We also note that the appellant failed to submit a requested instruction on petit larceny. This Court has consistently held that such failure similarly waives any error where the instructions given adequately covered the subject matter of inquiry. *Maghe v. State*, 620 P.2d 433 (Okl.Cr.1980). Moreover, this Court has specifically held that "it is not error for the trial court to omit to instruct upon every possible question under [the] defendant's theory of the case, when he has not requested such instructions." *Wolf v. State*, 375 P.2d 283, 287 (Okl.Cr.1962). Therefore, this assignment of error is without merit.

## III.

In his last assignment of error, the appellant claims he was deprived of a fair trial because of the prosecutor's improper questioning during cross-examination of the appellant and improper comments during closing arguments. Upon a review of the record, we find that the prosecutor's questions on cross-examination and his comments in closing arguments did exceed the bounds of propriety. However, the appellant's attorney failed to object to the questions and comments he now finds objectionable. We fail to find prejudice or that the appellant was deprived of a fundamentally fair and impartial proceeding.

*Freeman v. State*, 681 P.2d 84 (Okl.Cr. 1984); and *Glass v. State*, 701 P.2d 765 (Okl.Cr.1985). Therefore, we refuse to modify. Moreover, we note that the appellant received a six year sentence for an offense which carried a maximum sentence of ten years. The appellant's sentence was one year more than the minimum. *See* 21 O.S.1981, § 51(A)(1). It therefore appears that the jury was not influenced by such comments. Accordingly, this assignment of error is without merit.

Finding no merit to the appellant's assignments of error, the judgment and sentence of the District Court should be, and hereby is, AFFIRMED.

BUSSEY, J., concurs.

BRETT, P.J., concurs in results.