Randall Mark JOHNSON, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–86–674.

Court of Criminal Appeals of Oklahoma.

Aug. 22, 1988.

Gloyd L. McCoy, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Randall Mark Johnson, was tried and convicted in the District Court of Seminole County of the crimes of First Degree Rape in violation of 21 O.S. Supp.1983, § 1114 in Count I, and Forcible Sodomy in violation of 21 O.S.Supp.1982, § 888 in Count II, Case No. CRF–85–136. The appellant was convicted and punishment set at fifty (50) years imprisonment for Count I and twenty (20) years for Count II. From this judgment and sentence the appellant brings this timely appeal.

On June 5, 1985, sixteen year old A.R. was visiting her grandmother in Wewoka, Oklahoma. That evening she joined a friend at a local pool hall where the two girls talked and visited with friends. When the hour grew late A.R. knew she would have to leave, and at the companion's suggestion, A.R. accepted a ride with the appellant. A.R.'s friend accompanied her. This was about 11:45 p.m., and the appellant told the girls he would give them a ride as long as they went with him to a relative's house. They agreed. At the relative's house an argument involving the appellant and his brother took place. The appellant retrieved a pistol from the trunk of the car, and later the girls heard shots. Neither of the girls were involved in the argument. When the appellant returned to the car, he told the girls he would have to follow his brother home to insure the brother's safety. The girls accompanied him to nearby Seminole, Oklahoma.

The appellant and his brother are next-door neighbors, and the group went to the brother's house first. While at the brother's house, the two girls, along with the brother, smoked a marijuana cigarette. Soon afterwards, the appellant said he had to go to his apartment next door and the girls followed him.

The appellant asked A.R.'s friend to make him something to eat, and she agreed. The friend and the appellant were acquaintances and had been sexually involved at least once before. While the friend was in the kitchen the appellant began talking to A.R. The appellant asked A.R. what she thought of his "looks" and if she wanted to "be with him." A.R. shunned the appellant's advances. Her friend overheard the advances and became angry. She confronted the appellant and pushed him. The appellant pushed back and according to the girl's testimony he exploded with anger. He revealed the gun he was carrying and told the girls that he was crazy and that he could kill them. The appellant then ordered the two girls into an adjoining bedroom. Testimony is unclear whether he kept the gun in his possession or not. Once in the bedroom the appellant ordered the girls to disrobe as he did likewise. The appellant then took A.R. to another room where he had sexual intercourse with her. A.R. testified that she had not given the appellant permission, and that she was afraid of him and what he would do to her if she refused to cooperate. After having sex with A.R. once in the living room the appellant took her to a separate bedroom where he raped her a second time. The appellant then took A.R. back to the first bedroom where her friend was laying on the bed. There he forced the two girls to orally sodomize him. A short time later, A.R. took a nightgown from the apartment and escaped out the backdoor to a local hospital.

In his first assignment of error the appellant claims that testimony of the shooting at the relative's house should not have been allowed as evidence to prove the defendant guilty of Rape and Sodomy. We agree, and if that testimony were to have been used in such a manner then it would be error. *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979). But, in this instance such testimony was part of a description of the entire transaction. *Bruner v. State*, 612 P.2d 1375 (Okl.Cr.1980). As such, the testimony is allowable. The appellant further alleges that the testimony served only to inflame the passion of the jury. The appellant claims he was denied effective assistance of counsel due to the failure of defense counsel to raise the proper objection. Having found that the evidence of the shooting was properly admitted, we fail to see how appellant was prejudiced by counsel's failure to interpose an objection. For these reasons we find this assignment of error without merit.

The appellant's second assignment of error is that he was denied a fair trial because of improper prosecutorial comments and actions. In support of this claim, the appellant points to several comments made by the district attorney during the trial. Some of the comments were properly objected to at trial while some were not. As we have held before, unless a defendant objects to properly preserve the alleged error this Court will not subject it to appellate review. *Ross v. State*, 717 P.2d 117 (Okl.Cr.1985). We have reviewed all the alleged errors and find that none of the comments which were not objected to create fundamental error. For that reason we find this part of the appellant's second proposition without merit. As for the remainder of the alleged errors, those properly preserved, we find that they are likewise without merit. The district attorney's comments fall within the bounds of permissible argument as has been previously outlined by this Court. *Mahorney v. State*, 664 P.2d 1042 (Okl.Cr.1983); *Langdell v. State*, 657 P.2d 162 (Okl.Cr.1982).

The appellant's third assignment of error claims that remarks made by the trial judge denied him a fair trial. As we have repeatedly held, a demonstration of prejudice is a necessary prerequisite for any claim of error on appeal. *Wofford v. State*, 581 P.2d 905 (Okl.Cr.1978). Of the four instances the appellant points to as improper, we can find none to be prejudicial. For this reason the appellant's third assignment of error is without merit.

The appellant, in his fourth assignment of error, claims his sentence is excessive and should be modified. Upon review of all the facts and circumstances surrounding the case, we are of the opinion that the sentence is not excessive. Where a sentence imposed is within the limits of punishment fixed by the Legislature, the jury's verdict should not be disturbed. *Ruhm v. State*, 496 P.2d 809 (Okl.Cr.1972).

In his final proposition the appellant claims that if the alleged errors separately do not warrant action then the cumulative effect should necessitate reversal or in the alternative a sentence modification. This Court has repeatedly held that where there is no individual error there can be no error by accumulation. *Woods v. State*, 674 P.2d 1150 (Okl.Cr.1984). The appellant's final assignment of error is without merit.

The judgment and sentence is AFFIRMED.

BRETT, P.J., concurs in results.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

I write separately only to comment on the res gestae exception to the *Burks* notice requirement. It is correct that *Burks* does not require notice for evidence which constittues part of the entire transaction. If, as in this case, the evidence helps to complete a full picture of the transaction, the evidence is admissible under the "entire transaction" or res gestae exception. *Bruner v. State*, 612 P.2d 1375, 1377 (Okla. Crim.App.1980). As we stated in *Carter v. State*, 698 P.2d 22 (Okla.Crim.App.1985), the jury should be given enough facts to understand the full sequence of events.

Appellant was charged with rape and forcible sodomy. Appellant's shooting

spree was relevant to show that the victim was fearful of appellant. The victim's fearfulness was important because testimony at trial reveals that the victim was bigger than appellant. Appellant sought to show consent, relying on the fact that the victim could have overpowered him if she had wanted to get away. By introducing evidence regarding appellant's behavior earlier in the evening, the jury was given a clearer understanding as to the cause of the victim's fear. Furthermore, the shooting spree occurred after A.R. had gotten into appellant's car and shortly before the rape of A.R. To omit this incident from the testimony of A.R. would leave a gap in time as to the evening's events, causing confusion to the jury.

Accordingly, I would concur.