Joseph JACKSON, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–88–326.

Court of Criminal Appeals of Oklahoma.

Sept. 23, 1991.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Oklahoma Atty. Gen. and Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LUMPKIN, Vice Presiding Judge:

Appellant Joseph A. Jackson was tried by jury and convicted in the District Court of Seminole County, Case No. CRF 87–102, for the offense of Third Degree Arson, After Former Conviction of a Felony in violation of 21 O.S.1981, § 1403, and sentenced to eleven (11) years imprisonment. From this Judgment and Sentence, Appellant now appeals.

In the early morning hours of May 6, 1987, Linda Kennerly noticed flames and smoke coming from the backyard of her Wewoka, Oklahoma residence. When Ms. Kennerly went to investigate, she observed Appellant's wife, Vivian Jackson, run from her yard to a van parked in the alley. Kennerly recognized the van as belonging to Appellant. As the van pulled away, Kennerly heard two people laughing and recognized a man's voice to be that of Appellant. Kennerly was also able to identify Appellant as the driver of the van as the vehicle turned out of the alley. Upon further investigation, Kennerly discovered that her poly-cart had been set on fire and pushed from the alley up against her house. A poly-cart is a plastic trash can on wheels.

In his first assignment of error, Appellant alleges that the evidence was insufficient to sustain his conviction. Specifically he contends that the State failed to prove the value of the burned property was not less than fifty dollars ($50.00) as required under 21 O.S.1981, § 1403(A). Appellant's argument is premised on principles developed in the area of larceny and the determination that an item's worth is its market value. See Gilbreath v. State, 555 P.2d 69 (Okl.Cr.1976); Harrington v. State, 55 Okl. Cr. 27, 28 P.2d 596 (1933).

The State responds that the larceny determination of the value of an item when stolen is not synonymous with the determination of the "worth" as defined in the arson statutes.

Appellant was charged under 21 O.S.1981, § 1403(A), for the offense of Third Degree Arson. The language of the statute includes, "the property ignited or burned be worth not less than fifty dollars ($50.00)."

While the term "worth", as used in the context of an arson case, has not been defined by this Court, OUJI–CR 505 lists as an element of Arson in the Third Degree, "any real or personal property valued at fifty dollars ($50.00) or more." Accordingly, the jury in Appellant's trial was given the OUJI–CR 505 instruction which included the term "valued".

■ Moreover, market value is the usual standard of valuation. "Fair market value" is defined as, "[t]he amount at which property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both having reasonable knowledge of the relevant facts." Black's Law Dictionary 597 (5th ed. 1979). Further, Black's Law Dictionary also defines "worth" as, "[t]he quality or value of a thing which gives it value." Id. at 1607.

In Gilbreath v. State, 555 P.2d 69 (Okl. Cr.1976), this Court addressed the larceny determination of the value of an item. The Court there held that the correct scale for evaluating an item's value is its fair market value. We find, accordingly, that "value", as determined in larceny cases, is synonymous with "worth" as included in the arson statute, 21 O.S.1981, § 1403(A).

■ The kind of evidence admissible as proof of value includes opinions of qualified experts as to value. Standard Oil Co. v. Southern Pacific Co., 268 U.S. 146, 45 S.Ct. 465, 69 L.Ed. 890 (1925). In the present case, David Phillips, Public Works Director for the City of Wewoka, testified that the City provided the poly-carts to its residents for orderly garbage control. He stated that the City charged fifty-five dollars ($55.00) for the poly-carts, whether it was for a first time purchase or as a replacement. This testimony regarding the value of the poly-cart was uncontested.

When evaluating a claim that the evidence is insufficient, we must determine "whether, after reviewing the evidence in the light most favorable to the State, a

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202, 203–04 (Okl.Cr.1985)". *New v. State*, 760 P.2d 833, 835 (Okl.Cr.1988).

In the present case, we find that a jury could have found all of the essential elements of the offense beyond a reasonable doubt as the State met its burden of proving the value of the poly-cart was not less than fifty-dollars ($50.00). Therefore, this assignment of error is denied.

In his final assignment of error, Appellant contends that the trial court erred in failing to give his requested jury instruction on the lesser included offense of Malicious Mischief. Appellant argues that since the State failed to prove the value of the poly-cart, he was entitled to an instruction under 21 O.S.1981, § 1760, which includes setting a trash can on fire when the value is less than fifty dollars ($50.00). The State disagrees and argues that the poly-cart was proven to be worth not less than fifty dollars ($50.00), therefore Appellant was not entitled to an instruction on the lesser included offense.

■ Section 1760 provides that an individual who maliciously injures, defaces or destroys any real or personal property not his own, in cases other than those specified in the following sections, is guilty of the misdemeanor of malicious injury or destruction of property. The section does not place a monetary value or worth on the item injured or destroyed. Here Appellant waived cross-examination of David Phillips and did not contest the State's evidence of value. Therefore, his argument that he would be entitled to the instruction based solely on evidence that the value of the item injured was less than fifty dollars ($50.00) fails. Value in this case was not a disputed fact based on the evidence presented to the jury.

■ The language of Section 1760 also provides that it is applicable only to the extent that the charged conduct is not covered in any subsequent provisions. Since it is the general malicious-mischief statute, if another statute covers a specific type of property, prosecution for damage to that type of property must be brought under the specific statute. *See Church v. State*, 406 P.2d 517 (Okl.Cr.1965).

Further, Section 1767.1 addresses malicious mischief through the use of bombs and incendiary devices. Subsection (A)(1) specifically prohibits the placing of any incendiary device near any building or structure with the unlawful intent to destroy or injure the property of another. The addition of Section 1767.1 suggests that it was not the intent of the Legislature to include under the general provisions of Section 1760 the destruction or injury to property through the use of incendiary devices.

■ The evidence presented at trial showed that Appellant had set the poly-cart on fire and pushed it from the alley up against Ms. Kennerly's house. The conduct is covered under Section 1767.1(A)(1) Malicious Mischief by use of incendiary device, not Section 1760. However, as no evidence was presented to show how the fire in the cart was started, an instruction on 1767.1 was not warranted under the evidence.

Based upon the foregoing, the trial court properly denied Appellant's requested jury instruction on malicious mischief. The instruction was neither a statement of the applicable law nor supported by the evidence. Finding that the instructions as given to the jury accurately stated the applicable law, this assignment of error is denied.

After review of the errors alleged by Appellant, we are unable to conclude that any error has occurred which requires either reversal or modification of Appellant's sentence. Accordingly, the judgment and sentence is AFFIRMED.

JOHNSON, J., concurs.

LANE, P.J., specially concurs with opinion.

BRETT, J., dissents.

PARKS, J., dissents with opinion.

LANE, Presiding Judge, specially concurring:

I agree with the result reached by the majority. However, I disagree with the statement that there was no evidence presented to show an incendiary device was used. Absent evidence of spontaneous combustion, an incendiary device was used, if nothing more than a cigarette lighter or a match to start the fire in the poly-cart. The burning cart would then become an incendiary device if it were used in an attempt to set fire to the house.

However, 1767.1(A)(1) Malicious Mischief by use of an incendiary device is not under these circumstances a lessor included offense under 21 O.S.1981, § 1403 Third Degree Arson.

PARKS, Judge, dissenting:

I must respectfully dissent to the Court's determination that the evidence was sufficient to support a conviction in this case.

The Court correctly determines that the term "worth" in the context of an arson case is synonymous with the word "value" as this Court has defined it in the area of larceny. Additionally, the majority properly states that the correct measure for determining an item's worth is its fair market value. The Court also correctly defines fair market value as the amount which a willing but not obligated buyer would pay for an item from a willing but not obligated seller. *Jordon v. Peek*, 268 P.2d 242, 244 (Okla.1954).

However, the Court ignores the fact that the only testimony regarding "value" did not concern fair market value, but the replacement cost. The majority then leaps to the conclusion that replacement cost equals fair market value. This ignores the fact that the purchaser of a poly-cart is not a willing buyer because the City requires residents to buy poly-carts in order to receive trash service. Therefore, under the definition adopted by the Court, further testimony would be required to establish fair market value. The prosecution was free to introduce any evidence it could gather regarding the market value of the carts. However, there is absolutely no evidence in the record which tends to prove that the replacement fee charged by the City of Wewoka bears any relationship to the fair market value of the poly-carts. Rather, it may be speculated that the fair market value of a poly-cart is less that fifty dollars ($50.00) and that the City charges a fee for delivering one of the items. It may also be speculated that the City has inflated the replacement cost of the items to discourage misuse or destruction of the poly-carts. However, appellant's conviction cannot be premised upon speculation. The worth of the subject property is an essential element of the crime of Third Degree Arson and such worth must be established by evidence of fair market value. Because the State failed to present any evidence of the fair market value of the poly-cart, I would hold that the evidence is insufficient to sustain appellant's conviction.