STATE v. JAMES RICE.

*Larceny—Sufficiency of Evidence.*

Where, on an indictment for larceny, it was in evidence that two days after the larceny was committed, the stolen goods were found in an uninhabited house half a mile from where defendant lived, in which

the former occupant had left some turnips, etc. ; that at one o'clock at night of the same day, the defendant and a woman went to the house, he going in at the window and she remaining outside ; that when certain persons who were watching the house approached, the woman ran off, and the defendant being ordered to come out did so after some delay ; *Held*, that the evidence did not warrant the conviction of the defendant.

(*State* v. *Patterson*, 78 N. C., 470 ; *Cobb* v. *Fogalman*, 1 Ired., 440 ; *Brown* v. *Kinsey*, 81 N. C., 245 ; *State* v. *Vinson*, 63 N. C., 335, cited and approved.)

INDICTMENT for Larceny, tried at Spring Term, 1880, of WAKE Superior Court, before *Gudger, J.*

Verdict of guilty, judgment, appeal by defendant.

*Attorney-General*, for the State.
*Mr. J. H. Fleming*, for defendant.

ASHE, J. The only question raised by the record in this case is whether there was any evidence against the defendant, and if any whether it was sufficient reasonably to warrant the jury in finding a verdict of guilty.

The store-house of one Holloman and another, in the county of Wake, was broken into on the night of the first of February, 1880, and a quantity of goods stolen therefrom, consisting of flour, tobacco, sugar, snuff and other articles. On the Wednesday after the Monday, on which the goods were taken, they were found in the loft of an uninhabited house on the plantation of one John Medlin, situated some three or four hundred yards from his dwelling house, and the defendant lived about one half mile from his house. This house had been abandoned some weeks before this by Medlin, and some plunder (turnips for one thing) left in it. The house was surrounded and watched on the Wednesday night after the theft, and about 1 o'clock at night a man and woman came to the house, he raised a window and entered

while she remained on the outside. When those watching approached, the woman ran, and when the man was ordered to come out, after some delay he said " it is Medlin's mother, don't be afraid," and when asked, " is that you Jim," he said " yes " and came out, and it proved to be the defendant.

The conduct of the defendant, and the woman by whom he was accompanied, was certainly very suspicious, but the fact of his going to the house at that time of the night, which is the only circumstance pointing to him as the guilty party, is consistent with the hypothesis of his innocence. It is possible he may have gone to the house after some of the plunder which Medlin had left there, or in pursuance of an assignation with his companion, or it may be that he discovered the goods in the loft, deposited there by the person who had stolen them, and he went there for the purpose of purloining them from their place of deposit.

The evidence to convict the defendant with the larceny is very slight, at least it only raises a suspicion of guilt and "where there is no evidence or if the evidence is so slight as not reasonably to warrant the inference of the defendant's guilt, or furnish more than materials for mere suspicion, it is error to leave the issue to be passed on by the jury and they should have been directed to acquit." *State* v. *Patterson*, 78 N. C., 470; *Cobb* v. *Fogalman*, 1 Ired., 440; *Brown* v. *Kinsey*, 81 N. C., 245; *State* v. *Vinson*, 63 N. C., 335.

There is error. Let this be certified to the superior court of Wake county that the case may be proceeded with according to this opinion and the law.

Error.                                                                 Reversed.