GOLDIE FILSON v. THE TERRITORY OF OKLAHOMA.

(Filed September 6, 1901.)

1. **LARCENY—Measure of.** The reasonable market value of the property stolen is the true criterion for determining the grade of larceny.

2. **EVIDENCE—Market Value.** Where a witness testifies generally to the value of an article in common use, it will be assumed that the market value is meant unless it appears from the testimony of the witness that he bases the value given by him, upon some other consideration.

3. **WITNESS—Expert.** Expert witnesses are not required to prove the reasonable market value of chattels in common use, and the reasonable market price of which is within the knowledge of persons of ordinary intelligence and experience.

4. **MARKET VALUE—Proof of.** It is not improper to permit proof of the purchase price of an article purchased in the usual course of trade, which has been used but a short time, as well as its condition at the time, and its salable value at a second hand dealer's, as elements for consideration of the jury in determining the reasonable market value of such article.

5. **VENUE—Proof of.** The venue of an offense must be proved as charged in the indictment, but direct and positive proof is not required.

6. **JUDICIAL NOTICE.** The courts of this territory will take judicial notice that Canadian county is in Oklahoma territory, and proof that an act was committed in Canadian county, will sustain the allegation that such an act was committed in Canadian county, Oklahoma territory.

7. **LARCENY—Consent of Owner.** In order to support a conviction for the crime of larceny, the proof must show that the property which is the subject of larceny, was taken without the consent of the owner, but direct and positive declarations of the owner are not required. If all the facts and circumstances in evidence connected with or surrounding the taking will warrant the reasonable and rational inference that the property was taken without such consent, then such verdict will not be disturbed for lack of direct proof.

8. **VERDICT—Assumption.** This court will not assume that the verdict of a jury as to value is the result of improper mathematical calculations, where the evidence is ample to warrant their finding, and there is no evidence of misconduct.

9. **SAME—Not Disturbed, When.** Where there is competent evidence reasonably tending to support every material averment in an indictment, this court will not disturb a verdict of guilty upon the weight of the testimony.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before C. F. Irwin, Trial Judge.*

*D. C. Lewis, W. K. Snyder* and *Baldwin & Phelps,* for plaintiff in error.

*J. C. Strang, Attorney General,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: The plaintiff in error was tried and convicted in the district court of Canadian county for the larceny of a set of double harness. The jury found the value of the property to be $21, and returned a verdict finding the prisoner guilty of grand larceny, and judgment was rendered on the verdict. From this judgment the prisoner appeals.

It is contended by counsel for plaintiff in error, that the true rule for determining value of stolen property is the market value of the goods taken at the time, and place of the alleged larceny. There is no room for argument on this question, and the prosecution does not contend for any different rule. The trial court instructed the jury that they must find the fair cost value of the harness on the market was more than twenty dollars before they could find the prisoner guilty of grand larceny. Conceding this to be the cor-

rect rule, was it violated in this case? It is claimed that the witnesses for the prosecution were not qualified to testify upon the subject of value. The owner of the harness testified that he purchased the harness new and paid $34 for them, without collars, and that they were worth $27 or $28 at the time of the larceny. The witness was a farmer who had used the harness for about six months. Other witnesses were permitted to testify as to the value of the harness. We do not think this a question calling for expert testimony. Farmers who buy and use property are generally competent to testify as to its value, and when values are spoken of in a general way, market values are generally meant.

This court said in the case of *Coyle, et al. v. Baum,* 3 Okla. 695:

"When one speaks generally of values of chattels, it means their value in the market. This is inferred, unless a different basis of value is fixed by the witness, or it is apparent that the witness bases his value on a different foundation."

It was not error for the trial court to permit the owner of the property to testify what the harness cost new. It was shown that the harness had only been used for a short time and had been well cared for. The jury might properly consider their cost new, and their use, and decrease in value by their use, in determining their reasonable value at the time of taking. While the reasonable market value of the property at the time of the larceny was the question to be determined by the jury, any facts which would reasonably tend to enable them to intelligently determine such question, was competent and proper. The first cost of the harness when new, what they sold for at the store, what they sold for after

being used a short time, what a second-hand dealer would pay for them, and what such dealer would expect to sell them for, their condition at the time they were taken, and how long they had been in use, were all matters that the jury might consider in determining the reasonable market value of the harness at the time of the taking. And taking the purchase price of the harness when new and deducting a reasonable sum for their deterioration in value by reason of their use and damage, would not be an improper method of arriving at the fair market value. The price that a second-hand dealer will pay for such articles is not to be taken as the only means of proving value. As appears from the evidence of such witness in this case they will not pay the full market value for such articles, they buy to sell again and expect to make a profit; they also estimate that they may keep the goods in stock for some time before finding a purchaser, and they expect eventually to sell the article for less than its actual market value in order to induce purchasers to take second hand goods. There is too much of a tendency to require experts to testify as to matters of every day occurrence and common knowledge. The average farmer at this day and age is possessed of sufficient intelligence and experience, to enable them to tell the market prices of farm products, livestock and those articles they make common use of in their business, and generally are better qualified to fix the values than persons who are engaged in some specialty and buy only when they can get a good bargain, and then sell the article at less than its value in order to encourage trade. The jury had competent and proper evidence before it from which to determine the reasonable market value of the harness. The court properly instructed them and we find no reason to interfere with their finding.

It is next urged that the proof does not show that the property was taken without the consent of the owner. There is no grounds for such contention. The owner testified that he put the harness in the barn late in the evening and went to the house for his supper. In a short time he returned to the barn and found his harness had been stolen. He immediately got on a horse and followed a wagon that had passed while he was at supper. He followed the wagon several miles and overtook it and the prisoner with it. He was held up by the prisoner and another person in company with him, and gagged to prevent him from giving an alarm. While they were thus engaged, two other persons were seen approaching, and the prisoner and his companion abandoned the prosecuting witness, and one ran away while the prisoner got in the wagon and drove on. He then gave the alarm and the people in the vicinity turned out to help him find his harness, and did find them hid in the weeds near the road, at a point where the defendant's shotgun was found in the road, and which had been lost out of the wagon. If this was not sufficient to warrant the jury in the reasonable inference that the harness was taken without his consent, nothing short of his direct and positive declarations to that effect would have been sufficient.

The rule is unquestioned that the proof must show that property alleged to have been stolen, was taken without the consent of the owner, but direct and positive proof is not required. The proof of such facts and circumstances connected with and surrounding the taking as will support the reasonable and rational inference that the property was taken without the consent of the owner, is sufficient to sustain a conviction, the other material facts being sufficiently established.

The next objection made to the verdict is that the venue

was not proven.   The prosecuting witness testified that he lived one mile north of Yukon, in Canadian county, and that the property was stolen from his barn at his home.

The court takes judicial knowledge that Canadian county is in Oklahoma territory, and the proof was sufficient on that point.   (*Harvey v. Territory*, decided this term, and not yet published.)

We are told by counsel for plaintiff in error that the verdict of the jury was a compromise verdict, the result of mathematical juggling by the jury, and counsel very ingeniously take the amounts, $27 and $15 and divide by two and get the result, $21, the value as found by the jury.   We have no right to assume that the jury arrived at their verdict in any such manner.   The evidence as to value varied from $12 to $28, and the jury had the right, after seeing the harness which was exhibited to them, and considering all the testimony relating to values, to fix such value at any sum within the maximum and minimum values fixed by the witnesses, and the fact that they found the property to be worth $21 is of itself no evidence of improper conduct, and there is nothing else in the record upon which to base even a suspicion, much less a judicial finding of misconduct.

The final contention is that the evidence of the territory is not sufficient to sustain the verdict.   There is competent evidence tending to support every material averment in the indictment.   The jury were warranted in finding the verdict they returned, and in our judgment the evidence amply sustains the verdict.

Counsel for plaintiff in error has cited a large number of

authorities on each of the propositions argued in their brief. We find no fault with the law as contained in these authorities. In so far as applicable, they are in harmony with the law as given to the jury in the instructions in this case.

We find no error in the record, and the judgment of the district court of Canadian county is affirmed, with directions to immediately proceed to carry out the judgment of the court, and that the time of sentence of the prisoner shall begin when he shall be delivered to the warden of the penitentiary.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.