ESTON HIGHFILL v. STATE.

No. A-9846.    Oct. 15, 1941.

(118 P. 2d. 263.)

A. W. Billings, of Woodward, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Eston Highfill, was charged in the district court of Woodward county by information, on June 26, 1939, with burglary in the second degree, tried, convicted and sentenced to serve two years in the State Penitentiary, from which judgment and sentence he appeals to this court.

Defendant contends that the evidence is insufficient to sustain the conviction and that the court erred in his instructions to the jury.

The evidence on behalf of the state shows that on the night of March 9, 1939, a window was broken out of the Fisher Grain Company in Woodward, Okla. A 630-pound safe, belonging to L. S. Fisher, was removed from the building and carried away by automobile. The next morning the tracks of the automobile which was used in the burglary were followed, and led the officers to where the safe was hidden in the river bottom. The safe was in such a place that it could only be seen by those coming close upon it. It was between 150 and 200 yards from the highway, face down. The safe was raised up and opened by employees of Mr. Fisher. It was then placed as nearly as possible in the position in which it was found.

Sheriff Nelson and D. T. Greggory hid near the safe. After dark, three men drove up in a car and got out, carrying flashlights. Defendant was heard to say, "Here it is, just like we left it." They discussed opening it, and in an attempt to move the car so that the headlights would shine on the safe, the car stalled. They worked on the car for a while, and one of the men (later identified as Clarence Johnson) went to town for repairs. Defendant and the

other man came up to the safe. Defendant remarked that it would be lucky if they could work the combination. When they started hammering on the safe, the officers surprised them. Defendant crouched behind the safe, and was arrested. The other man, who was identified as Elmer Berry, escaped. Pliers and a cold chisel were found near the safe.

S. A. Caress testified that on the night of the burglary, if his memory served him right, he saw defendant and Johnson playing pool together.

Defendant offered no evidence.

In support of defendant's contention that the evidence was insufficient, counsel cites State v. Goldfeder, Mo. Sup., 242 S.W. 403, and State v. Rice, 83 N. C. 661. Both cases hold that evidence of the defendant's presence at a place where recently stolen property is stored, without proof of other facts tending to show guilt, is insufficient to sustain conviction. In State v. Goldfeder, supra, defendant explained his presence. In State v. Rice, supra, no explanation was made by defendant; but the stolen property was concealed in a plunder house, which defendant had entered under suspicious circumstances, and it was not shown that defendant had knowledge of the stolen property being in that place.

This court stated in Underhill v. State, 70 Okla. Cr. 39, 104 P. 2d 447, that it would be carrying the rule concerning the possession of recently stolen property too far to require one accused of crime to explain the possession of such property, when the possession could, with equal right, be attributed to another. Hence, the mere fact of finding stolen property on premises, or any other place, to which many others have free access, without showing his actual conscious possession thereof, discloses only prima

facie constructive possession, and is not such possession as will justify an inference of guilt by reason thereof.

However, the safe in this case had been concealed in the river bottom; the tracks of the burglar's car led the officers to it; it had been there for only a few hours until the defendant came in the dark to the place and stated that the safe was like he had left it. He then attempted to crack the safe. We think these facts are sufficient to show a dishonest possession of recently stolen property, and should have been submitted to the jury.

This court held in Gransbury v. State, 64 Okla. Cr. 408, 81 P. 2d 874:

"The mere possession of property recently stolen is not sufficient to convict the possessor of larceny or burglary of it. But when this fact is supplemented with other facts inconsistent with the idea that the possession is honest, it then becomes a question of fact for the jury to pass upon the guilt or innocence of the defendant." Hart v. State, 57 Okla. Cr. 372, 48 P. 2d 337.

In 2 Bish. Cr. Proc. 1697, 740, it is stated:

"* * * when the fact of a theft has been shown, and the question is whether or not the defendant committed it, his possession of the stolen goods, either sole or joint with others, at a time not too long after the stealing, is a circumstance for the jury to consider and weigh in connection with the other evidence. Its significance will vary with its special facts, and with the other facts of the case; among which are the nearness or remoteness of the proven possession to the larceny, the nature of the thing as passing readily from hand to hand or not, what explanations he made on its being discovered that he had the goods, together with such other facts as ought reasonably to influence a juror's opinion."

It is not often that a person who commits burglary will be seen, and for that reason witnesses cannot be ob-

tained to identify the perpetrators of the burglary. Resort in such cases must be had to circumstantial evidence.

We think there is sufficient evidence in this case to support the conviction.

The defendant, in his brief, states that three instructions given by the court are erroneous, but nowhere in his brief does he point out wherein they are erroneous nor does he cite any authorities to support his contention.

We have examined the instructions and find that they sufficiently state the law in accordance with the decisions of this court, and that there is nothing in said instructions which might mislead the jury. Instruction No. 9, while not a literal statement of the law of circumstantial evidence as applied to this case, is not confusing or misleading, and substantially states the law.

The judgment of the district court of Woodward county is affirmed.

BAREFOOT, P. J., and DOYLE, J., concur.