R. K. McLEROY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13297.

Court of Criminal Appeals of Oklahoma.

March 27, 1963.

Robert Macy, Ada, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

R. K. McLeroy, hereinafter referred to as defendant, was charged by Information in Pontotoc County with the crime of Grand Larceny. He was found guilty by a jury and sentenced to One Year in Oklahoma State Penitentiary. His appeal was perfected in this Court within the time prescribed by law asserting 2 assignments of error, both of which involve the sufficiency of the evidence. The defendant demurred to the evidence at the conclusion of the evidence presented on behalf of the State and asked for a directed verdict after both the State and Defendant had rested. A review of the record reveals the following testimony on the part of the State:

It was discovered Saturday morning, October 21, 1961, that a beer parlor bearing the name "99 Bar" had, sometime after midnight, been broken into and 55 cases of beer were missing. A Coca-cola salesman was making his route and approached the place of business and upon finding no one there, went upstairs and contacted the defendant, who was the former owner of the beer parlor. They both came back down to investigate and found the hasp had been twisted off the door. Officers were contacted along with Bill Keef, the present owner. Mrs. Primrose testified that the defendant came to her home near Davis, Oklahoma, some time during the latter part of October. That he stored a large quantity of beer in a trailer house near by. Bill Keef received knowledge that he might find his beer in the trailer house located at or near Davis. He called the Sheriff and they proceeded to Davis and located the beer. The beer was of the same description as to brand and quantity taken from the "99 Bar" with the exception of 11 cases of Jax, which the defendant admitted selling to his brother-in-law, who was a Jax salesman; and a few bottles that were broken while placing them in the trailer. Bill Keef, the owner of the "99 Bar" testified further that the defendant lived in quarters upstairs from the bar, that he owned a two-wheel trailer that he kept next to the building in which the bar was located. That on Friday morning before the burglary, which happened sometime during the night, he saw the trailer attached to the car of defendant out in front of the bar. On Saturday, he did not see the trailer, but it was parked by the side of the building Sunday night. The defendant denied the burglary, and claimed he bought the beer from a man named Doyle Williams, who drove up in front of the "99 Bar" Sunday morning with a load of beer and offered to sell it to the defendant; after some quibbling as to price, defendant said he bought the beer, He said the man was in a hurry and wanted to get rid of the beer, so he paid him $150.00, hooked onto his trailer and unloaded the beer from the pick-up which the man was driving, and loaded it onto his trailer. That he planned on buying a bar in Davis, so he drove over and stored the beer in a trailer house near the Primrose home.

This in substance, constituted the material part of the case.

Before defendant took the stand and after the State rested, the defendant demurred to the testimony produced by the State as being insufficient to establish the charge in the Information. The Demurrer was overruled by the trial judge. This the defendant contends was error.

This Court has passed upon this point in question in numerous decisions. In the case of Brannon v. State, 94 Okl.Cr. 261, 234 P.2d 934, the Court said:

"The presumption arising from the possession of recently stolen property is one of fact and not of law. It is a circumstance for the jury to consider and weigh along with all the other evidence in the case. If the possession is unexplained, or if it is unsatisfactorily explained, or if the explanation, even though plausible, is not believed, the jury will accord it such weight as they

deem right and proper. They are the sole judge as to its weight, and when such fact with other facts and circumstances in evidence, when given due weight, satisfy the jury beyond a reasonable doubt of defendant's guilt, it is sufficient to sustain the verdict."

Also, see, Farley v. State, 93 Okl.Cr. 192, 226 P.2d 1002–1004.

In the instant case, there were other circumstances in connection with the possession of the stolen property sufficient to make it a question for the jury. Defendant lived upstairs over the place that was burglarized, he was thereby placed in the vicinity. He was the former owner and thereby familiar with the premises. He had a two-wheel trailer that was usually present beside the building that was burglarized. It was not seen immediately after the burglary. It was not returned to the location until Sunday after the burglary early Saturday morning. He admitted hauling the beer in the trailer to Davis, but said he bought the beer from a man by the name of Doyle Williams in front of the bar Sunday morning. The beer stolen was the same quantity and description as that which defendant claimed to have bought from Williams. The man from whom he claimed to have made the purchase could not be located or found.

 These are circumstances which connected with the possession of the recently stolen beer, make it a question for the jury, and sufficient circumstance to support their verdict. In Highfill v. State, 73 Okl.Cr. 93, 118 P.2d 263, Judge Jones commented:

"It is not often that a person who commits burglary will be seen, and for that reason witnesses cannot be obtained to identify the perpetrators of the burglary. Resort in such cases must be had to circumstantial evidence."

The defendant knew the "99 Bar" was burglarized early Saturday morning, because he discovered the burglary. He knew a large quantity of beer was stolen. Yet he attempted to explain having possession of the beer by saying he bought it from a man driving a pick-up the morning following the burglary in front of the place that was burglarized.

 The Court said in Gransbury v. State, 64 Okl.Cr. 408, 81 P.2d 874:

"The mere possession of property recently stolen is not sufficient to convict the possessor of larceny or burglary of it. But when the fact is supplemented with other facts inconsistent with the idea that the possession is honest, it then becomes a question of fact for the jury to pass upon the guilt or innocence of the defendant."

See, also, Hart v. State, 57 Okl.Cr. 372, 48 P.2d 337.

The Court is of the opinion that the trial court did not err in submitting the case to the jury. The evidence, though partly circumstantial, is sufficient to support their verdict.

The judgment and sentence is hereby affirmed.

BUSSEY, P. J., and JOHNSON, J., concur.