Delano LEFTHAND and Blyford Bent, Plaintiffs in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13548.

Court of Criminal Appeals of Oklahoma.
Jan. 6, 1965.

George C. Loving, Clinton, for plaintiffs in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiffs in Error, Delano Lefthand and Blyford Bent, hereinafter referred to as defendants, were charged by information in the District Court of Custer County with the crime of Grand Larceny. They were tried by a jury, found guilty, and defendant Bent sentenced to 3 years; and defendant Lefthand sentenced to 1 year in Oklahoma State Penitentiary. They have filed their timely appeal in this Court asserting numerous contentions of error.

Wayne Lahann (the prosecuting witness) was in route to Weatherford, when he stopped in Clinton, parked his car about 10:15 p. m., went into a bar, and had a beer. When he returned to his car, his bag was missing from the back seat. It contained several articles of clothing. Police later that night, recovered the bag from the room of Porter Daugherty, where defendants and several other boys were found drunk.

■■■ Defendants' first contention of error is that the trial Court erred in refusing to quash the information or to strike therefrom the original purchase price of the articles stolen. The Portion complained of is as follows:

"One (1) Olive Green Mens suit, almost new, original cost $75.00 —Value $30.00.

One (1) Arrow brand White Shirt, costing $7.50, almost new— Value $5.00.

One (1) pair of men's shoes, costing $20.00,—value $5.00.

One (1) Shaving Kit, costing $5.00— value $3.00.

One (1) Zipper bag, costing $20.00— value $15.00.

One (1) pair shoe trees—value $2.00."

This Court will agree that the original purchase price on the information was surplusage, and was irrelevant. However, we find in the early case of Filson v. Territory (1901) 11 Okl. 351, 67 P. 473, the Court said:

"It is not improper to permit proof of the purchase price of an article purchased in the usual course of trade, which has been used but a short time, as well as its condition at the time, and its salable value at a secondhand dealers, as elements for the consideration of the jury in determining the reasonable market value of such article."

If it was not error to permit the purchase price to be introduced into evidence by testimony for the jury, this Court cannot resolve that it was error sufficient to cause reversal to permit it to appear on the information in the instant case.

■■■ Defendant's second contention is that the prosecuting witness was not qualified as an expert to testify as to the reasonable market value of the articles stolen.

The Oklahoma law is fairly clear on this question, and can be found in the previously cited case of Filson v. Territory, supra:

"Expert witnesses are not required to prove the reasonable market value of chattels in common use, and the reasonable market price of which is within the knowledge of persons of ordinary intelligence and experience."

And, further, in 2 Wharton's Criminal Evidence (12th Edition) § 550 at pg. 414:

"The owner of personal property who is familiar with its original cost and use is qualified to testify regarding its value, independently of his knowledge of recent sales of similar secondhand property."

"The value of property may be estimated by the person from whom it was stolen, irrespective of whether he was the true owner or not."

Mr. Lahann was, under the above rulings, fully qualified to testify as to the reasonable market value of his stolen articles.

■■■ Defendant next complains that the evidence was not sufficient to prove either asportation or possession of recently stolen property.

We would like to show only a small portion of Porter Daugherty's testimony:

"Q. You don't know which one of them was carrying the bag?

"A. No.

"Q. *But the bag and the two boys came in at the same time?*

"A. *Yes.*

"Q. What did they do with the stuff when they took it out?

"A. Laid it on a little old stand there.

"Q. Now later did the police come to your house?

"A. It wasn't over ten minutes."

Although this testimony was from a reluctant witness, he did pinpoint the possession of the bag on the two defendants, Further, the defendants themselves never contend that they did not have possession of the stolen property, but only that they did not bring it into Daugherty's room. All of the testimony was somewhat conflicting and rambling due to the fact that all of the Indian boys were drunk. But this presented a question of fact for the jury.

This Court, in the very recent case of McLeroy v. State, Okl.Cr., 380 P.2d 546, said:

"The mere possession of property recently stolen is not sufficient to convict the possessor of Larceny or Burglary of it, but when the fact is supplemented with other facts inconsistent with the idea that the possession is honest, it then becomes a question of fact for the jury to pass upon the guilt or innocence of the defendant."

In the instant case, there were other circumstances in connection with the possession of the stolen property sufficient to make it a question for the jury—The location of the motel room where the police arrested the boys and recovered the bag is just one-half block from the location of the theft. The Indian boys all testified they had been drinking, and ran out of money. Then later in the evening, they obtained more to drink. We repeat, all of the testimony was conflicting. But as Judge Jones stated in Highfill v. State, 73 Okl.Cr. 93, 118 P.2d 263:

"It is not often that a person who commits burglary will be seen, and for that reason witnesses cannot be obtained to identify the perpetrators of the burglary. Resort in such cases must be had to circumstantial evidence."

Evidently, the explanation given by the defendants did not satisfy the jury, but this is not error.

 Defendant's next contentions are in regard to the instructions. This Court has carefully considered the instructions given *as a whole,* and find that they fairly and correctly state the law applicable to the issues presented by the evidence, and that they are sufficient. (See, Byington v. State, Okl.Cr., 363 P.2d 301; Stanford v. State, Okl.Cr., 363 P.2d 515; McCluskey v. State, Okl.Cr., 372 P.2d 623.) And further, in the case of Bell v. State, Okl.Cr., 381 P.2d 167:

"Where the trial court's instructions as a whole present to the jury within the law the theory of the defense in all its legally essential and evidential established phases, the same will be held sufficient to meet the requirements of the law."

It is obvious from the record that this place of Porter Daugherty's is a meeting place for these Indian boys to gather and get drunk. And, even though they were drunk, the two defendants never deny possession of the stolen property. Therefore, this Court does not consider this final contention meritorious.

Taking the entire record as a whole, while the evidence is circumstantial, and admittedly not perfect, there is not error sufficient to warrant a reversal. Therefore, the judgment and sentence of the trial court is hereby affirmed.

JOHNSON, P. J., and BUSSEY, J., concur.