Emmett Nathan MEEKINS, Plaintiff In
Error,

v.

The STATE of Oklahoma, Defendant In
Error.

No. A–14018.

Court of Criminal Appeals of Oklahoma.

Nov. 16, 1966.

W. J. Otjen, Jr., Enid, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in error, Emmett Nathan Meekins, hereinafter referred to as the defendant, was charged in the District Court of Garfield County with the crime of Burglary Second Degree. He was tried by a jury, found guilty, and his punishment assessed at Two Years in the penitentiary. From that judgment and sentence he has perfected his timely appeal to this Court alleging two propositions of error.

The facts of the case, briefly, are that the Conoco Station belonging to Bob Siler, was burglarized and this was discovered at 6:30 A.M. on the morning of November 27, 1965, when Mr. Siler opened the station for business. The cigarette machine and the candy box had been broken into, and after an inventory it was determined that fifteen Pharis tires were missing. There are no other dealers for Pharis tires in Enid. The glass in one of the overhead doors was broken out, and a small puddle of blood was discovered about 10 or 12 ft. N.E. of the corner of the building. At about 7:50 A.M., defendant had a collision with another car driven by a Marilyn Martin. Jerry Bowen, one of the Police Detectives who investigated the matter, stated that the defendant had a scraped type of wound on the side of his head which appeared to be fresh. Miss Martin testified that the defendant was taking tires out of the back seat of his car, that she actually saw him remove three and place them on the parking. Mr. Meril Dupus, who is employed by the street department in Enid stated that defendant went around to the other side of the car and opened the door, that he was throwing something out, and then he came back on his side of the car and he could see defendant was taking out some new tires, still wrapped up. That he sort of stacked them up in a little pile on the parking area, close to the curb. Dave Frank Haley, employed by the sanitation department in Enid, testified as follows:

"A. In his exact words, he said to me, 'Where is your truck or car?' He wanted to put the tires in it. Would I put the tires in? I told him, 'I don't have no truck or car with me.' I told him at the time I did have a pick-up, but I wasn't driving that, and I told him I didn't have it with me. And he said, 'Well, I wanted to put these tires in it', and I said, 'Well, if I did, you still wouldn't put the tires in it.' "

Defendant alleges in his first contention of error that the evidence is insuf-

ficient to support the finding of guilty to the charge of Burglary in the Second Degree. He contends that the state introduced no evidence to connect defendant with the original breaking and entering, but only introduced testimony showing defendant's possession of recently stolen property.

After a careful review of the testimony, we are of the opinion that defendant's contention is not consistent with the facts.

First, three witnesses testified that they saw the defendant remove the tires in evidence from his car after colliding with another car only two miles from the burglarized service station. One witness, who was acquainted with the defendant, testified that the defendant asked him to haul the tires away from the scene for him; and yet told an investigating officer that he didn't put the tires on the curbing where they were found. Defendant's actions and statement clearly were inconsistent with the idea that his possession of the stolen tires was honest; further, no attempt to explain the possession of these stolen tires was made by the defendant.

 This Court held in the case of Highfill v. State, 73 Okl.Cr. 93, 118 P.2d 263:

"When the fact of burglary has been shown, and the question is whether or not the defendant committed it, his possession of goods stolen in the burglary, either sole or joint with others, at a time not too long after the burglary, is a circumstance for the jury to consider and weigh in connection with the other evidence."

And, further:

"The mere possession of property recently stolen is not sufficient to convict the possessor of larceny or burglary of it. But when this possession is unexplained and is supplemented with other facts inconsistent with the idea that the possession is honest, it then becomes a question of fact for the jury to pass upon the guilt or innocence of the defendant."

See, also, Lefthand v. State, Okl.Cr., 398 P.2d 98; McLeroy v. State, Okl.Cr., 380 P.2d 546, and cases cited therein.

Therefore, this Court is of the opinion that proof that a burglary was committed and that stolen goods were shortly thereafter found in possession of defendant; his attempt to dispose of them from his car; and his inconsistent denial of any knowledge of them; when considered in connection with all the other circumstances of this case, including his failure to satisfactorily explain such possession, will sustain the conviction of burglary.

 Defendant next complains of the trial court's instruction number three as being inadequate. The record does not reflect that the defendant requested any instructions in writing; nor does it show that defense counsel objected or excepted to any of the instructions. Therefore, in absence of any fundamental error in the instructions, we will adhere to the well-established rule, as stated in Davidson v. State, Okl.Cr., 330 P.2d 607:

"Generally, if a defendant is not satisfied with court's instructions, it is his duty to request what he considers to be the proper instructions and unless the request is made, reviewing court will not deem the failure of trial court to give an instruction reversible error unless it is of such fundamental nature as to deny defendant a fair and impartial trial."

And, in Samples v. State, Okl.Cr., 337 P.2d 756, this Court stated that one may waive and does waive the giving of an instruction by failure to request it.

It is the opinion of this Court, after a careful review of the record in this cause, that the judgment and sentence of Garfield County should be, and the same is, hereby affirmed.

BUSSEY, P. J., and BRETT, J., concur.