James Donald **GRESHAM**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–14558.

Court of Criminal Appeals of Oklahoma.

June 18, 1969.

Red Ivy, Chickasha, and Justus Hefley, Anadarko, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

James Donald Gresham, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Caddo County with the crime of Burglary in the Second Degree, and from the judgment and sentence fixing his punishment at two years imprisonment in the state penitentiary, he appeals.

The burglary with which this prosecution was concerned occurred while a truck belonging to the Farmer's Co-op Elevator Exchange of Hinton, Oklahoma, was parked at the company's elevator in Hinton. The truck was forceably broken into and a two-way radio was stolen.

From the testimony of the state's witnesses, it established the following to be in substance what occurred:

The defendant, his brother, and a third party drove their trucks to the grain elevator for servicing on January 5, 1965. After having their trucks loaded with wheat before 6:00 p.m. on January 5, 1965, the defendant and his brother and the third party rode into Hinton with the grain elevator manager, W. M. Seurer, to have dinner. Mr. Seurer left them and continued to his home. From the testimony of Roy Despain, it was established that the defendant returned to the elevator later in the evening and was still inside the company's store when he closed it at 10:00 p.m. Around midnight, Despain testified he was awakened by noise outside which he investigated. After going outside, he observed that the defendant's truck, his brother's truck and the third party's truck, all had their motors running and that they were the only trucks he saw. He did not see the defendant or the other two men. After midnight, Despain again went outside, at which time he noticed one of the trucks had left, but the defendant's brother and the third party were still at the elevator.

Elevator Manager Seurer also testified that he returned to the elevator around 1:30 a.m. on January 6, 1965, and saw the defendant's brother and the third party, but did not see the defendant or his truck. On the morning of January 6th, a two-way radio, which had been in the elevator company's truck on January 5th, was reported stolen. Using company purchase orders and factory invoice slips, the stolen radio was later traced to a repair shop owned by Mr. Joe Richardson in Bowie, Texas.

Mr. Richardson testified that a John Angove had brought the radio into his shop for repairs which he identified as the one offered into evidence by the radio serial numbers. Mr. Angove stated he had purchased the two-way radio from the defendant in February, 1965, for $10.00, and that he in turn took it to Richardson to see if it needed any repairs.

The last witness, Caddo County Deputy Sheriff C. W. Taylor, testified that he, along with Farmer's Co-op employee Curly

Jordan, made the trip to Bowie, Texas, where identification of the property was made by serial numbers located on the radio housing. These corresponded with those given Mr. Taylor at the time of the theft from the Farmer's Co-op Elevator Exchange.

The defense did not offer any witnesses or evidence.

 It is first contended on appeal that the evidence is wholly insufficient to support the verdict of the jury. From the facts as set forth above, we believe that it is abundantly clear that the evidence introduced on behalf of the State and unrefuted by the defendant, although circumstantial, established a prima facie case for the consideration of the jury sufficient, if believed by them, to support a verdict of guilty. It is readily apparent that the jury believed the State's evidence as is demonstrated by their verdict in the instant case. We believe that the record establishes that the circumstances introduced were consistent with each other and inconsistent with any other hypothesis but that the defendant was guilty. In Sanders v. State, 97 Okl. Cr. 388, 264 P.2d 358, this Court in the second paragraph of the syllabus set forth the rule applicable in the instant case:

> "Where circumstantial evidence is relied upon for conviction and the facts and circumstances proved are consistent with and point to guilt of defendant and are inconsistent with innocence, the judgment and sentence of the trial court will be affirmed."

The defendant next argues that the State's case is greatly weakened by the testimony of its witness, John Angove, in regard to his inability to positively identify the radio he purchased from the defendant and all of the accessories belonging with it.

 This contention is disposed of under our holding in Gouard v. State, Okl. Cr., 335 P.2d 920, where we held that:

> "Before physical object allegedly taken in commission of burglary is admitted in evidence, it must be sufficiently connected with the crime itself by proper identification. However, it is not necessary that such identification should positively and indisputably describe such article. If it is sufficiently described to justify its admission in evidence, the lack of positive identification goes to the weight of such evidence rather than its admissibility."

It is lastly contended that the court erred in its instructions to the jury. This contention must also fail, for the record fails to disclose that the defendant ever objected to any of the instructions given, nor presented any requested instructions for the consideration of the court. There is therefore nothing preserved for review by this Court on appeal. Notwithstanding the defendant's failure to offer requested instructions or object and except to the instructions given, we have carefully examined the instructions as a whole, and find that they fairly and succinctly state the law.

For all of the reasons above set forth, the judgment and sentence appealed from, is affirmed.