Howard Lee CHEATHAM and Harry Ray Sheffield, a/k/a Harry Dean Sheffield, Plaintiffs in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15237.

Court of Criminal Appeals of Oklahoma.

Feb. 3, 1971.

Rehearing Denied April 30, 1971.

Carroll Samara, Oklahoma City, for plaintiffs in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Howard Lee Cheatham and Harry Ray Sheffield, a/k/a Harry Dean Sheffield, hereinafter referred to as defendant Cheatham and defendant Sheffield, were charged, tried and convicted in the District Court of Oklahoma County with the crime of Burglary in the Second Degree After Former Conviction of a Felony; their punishment was fixed at fifteen years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial revealed that at approximately 5:15 a. m. on April 21, 1968, Officers Hunter and Mercer observed a car without lights at the end of an alley in Oklahoma City. The car pulled into the street and turned the lights on and proceeded east. The officers followed and clocked the car at speeds of fifty miles per hour in a thirty-mile per hour zone, and stopped the car approximately six blocks from the original scene. Defendant Cheatham, the driver, immediately got out of the car and started back to the police car. He was asked for his driver's license and was unable to produce the same. Officer Mercer approached the defendant's car and observed defendant Sheffield sitting in the front seat with a tire between his legs and several other tires, tools and a tool chest in the back seat of the automobile. He directed defendant Sheffield to get out of the car and placed both defendants in the police unit. He asked where they had obtained the items and then placed both subjects under arrest. The subjects were transported back to the scene where they had been originally observed and discovered that the glass had been broken out of an Auto Supply building.

Arthur Hacklar, the owner of the business, identified two of the tools found in the defendant's car as having been taken from his place of business. He also testified that similar tires found in the defendant's automobile were also missing from his store. He did not have serial numbers on any of the items.

Officer Gregory of the Stolen Goods Division of the Oklahoma City Police Department, advised defendant Cheatham of his *Miranda* rights and obtained a search waiver to search the automobile. He dis-

covered three new tires and motor oil in the trunk of the vehicle.

Defendant Cheatham testified in his own behalf that he had been gambling the night of April 20, 1968. Defendant Sheffield asked to borrow his car and returned at approximately 4:30 a. m. of the following morning. He noticed a tire in the front seat, but did not inquire where it came from. They drove to the location where they were first observed by the officers to collect some money owed defendant Cheatham by a porter in an adjacent hotel. They were stopped by the officers shortly after leaving the hotel. He denied driving fifty miles per hour and testified that he could not have exceeded thirty-five miles per hour because of the wet pavement. He further denied breaking into the store or having any knowledge of how the items got into the automobile.

Earnest Slaughter testified that he was present at a poker game on the evening of April 20th. Defendant Sheffield borrowed defendant Cheatham's car and was gone for some period of time. Both defendants left at approximately 4:00 a. m. Defendant Sheffield testified that he borrowed defendant Cheatham's automobile at the poker game. He went to the hotel and attempted to collect Cheatham's money from the porter. He observed the tires and tools laying against a building and put them in the automobile. He did not have any conversation with defendant Cheatham about the merchandise until they were stopped by the police. He also denied that their car was speeding prior to being stopped by the officers.

Officers Gregory and Shook testified in rebuttal, that defendant Cheatham made an oral statement wherein he stated that he had found the merchandise near the hotel. Both defendants stipulated as to the prior felony convictions.

The defendants' first proposition of error alleges that the court erred in failing to sustain defendant's Motion to Suppress the state's evidence. The defendants timely filed their Motion to Suppress the evi-

dence of the state and the court conducted a pre-trial hearing. Officers Hunter and Mercer testified at this hearing concerning events leading up to and following the stopping of the defendant's automobile. The defendants contend that Officer Hunter conducted a visual search of the defendant's car under circumstances that would not warrant his inquiry and searching eye. They also contend that the officers could not have made an accurate clock as to the speed of the automobile and that the whole incident was nothing more than a subterfuge to justify searching the car.

 We have carefully considered the entire record and have reached the following conclusions. Both officers testified that the defendant's automobile was traveling at a rate of speed of from fifty to sixty miles per hour in a thirty mile per hour speed zone. Title 22 O.S.1961, § 196 provides, in part, that a police officer may, without a warrant, arrest a person for a public offense, committed or attempted in his presence. In the case of Thompson v. State, Okl.Cr., 453 P.2d 314, we stated in the fourth paragraph of the Syllabus:

"As a rule, two elements must concur to constitute an offense in the presence of an officer, the facts or elements constituting the offense must be revealed in the presence of the officer, and the officer must perceive and have knowledge that such offense is being committed."

We are of the opinion that obtaining a visual clock of a speeding vehicle meets these tests and the officers were justified in originally stopping the defendant's automobile.

 It is our further findings that the actions of the police officer looking at the items in plain view was not, in fact, a search. In a very similar case, Smith v. State, Okl.Cr., 456 P.2d 626, a police officer observed the defendant backing out of a used car driveway at a high rate of speed. He stopped the car and while issuing a citation for improper backing, observed merchandise in the back of the defendant's station wagon. In affirming the

decision Judge Brett favorably quoted from the Attorney General's brief:

" 'If the defendant is objecting to the observance of the merchandise in the defendant's car as the unreasonable search and seizure, instead of the later search of the car assumed to have taken place when the defendant was booked, the issue is not one of search and seizure. The officer saw the goods in the car while making the ordinance arrest. The observance of these articles in plain sight was not a search. Like in the liquor cases during prohibition, the observance of whiskey bottles in a defendant's car was "the commission of the offense in the officer's presence", not a search in itself. Franklin v. State, Okl. Cr., 281 P.2d 204 (1955). By analogy the observance of the fruits of a felony is not a search, but information furnishing probable cause coming freely to the officer without a search. State v. Chronister, Okl.Cr., 353 P.2d 493 (1960).' "

This Court does not, and will not, condone actions of police officers manufacturing offenses to justify eventual searches. In the instant case the record does not support the defendants' contention that the stopping was a subterfuge. Rather it indicates that the officers stopped the car at the first opportunity after establishing an accurate clocking of the speed. We, therefore, find this proposition of error to be without merit.

■ The defendants' next proposition of error asserts "error of the court in failing to sustain the defendants' demurrer to the State's evidence at the conclusion of the State's case in chief and error of the Court in failing to sustain the renewal thereof and the defendants' motion for directed verdict of acquittal after all parties had rested." The defendants first contend under this proposition that there was no evidence of breaking and entering of the inner door of the building. The operator of the business testified the building had been locked and the glass of the outside door had been broken and certain items were missing. In Klinekole v. State, Okl.Cr., 456 P.2d 623, facing a similar situation, we stated:

"As his third assignment of error, the defendant contends that the evidence wholly fails to establish that there was a breaking and entering and that absent such proof, the conviction cannot be sustained.

We are of the opinion that this assignment of error is without merit for as heretofore set forth in the summary of the testimony of Clara Gray, owner and operator of the grocery store, she had locked the premises securely at the close of work and upon returning to the store, she discovered that a pane of glass had been knocked out of the back door, the door had been opened and left ajar, and cigarettes, tobacco and a green waste paper basket had been removed from the premises. Such testimony amply established the unlawful breaking and entering."

We are of the opinion that the evidence in the instant case establishes a breaking and entering.

■ The defendants next complain that the items found in their car were not sufficiently identified by the witness Hacklar. The testimony reveals that although Hacklar did not have serial numbers as to the items, he did not have any doubt in his mind that the two items introduced in evidence were, in fact his (CM 62). The tires found in the defendant's car were of the same brand as those missing from his business. In Gouard v. State, Okl.Cr., 335 P.2d 920, we held:

" 'Before physical object allegedly taken in commission of burglary is admitted in evidence, it must be sufficiently connected with the crime itself by proper identification. However, it is not necessary

that such identification should positively and indisputably describe such article. If it is sufficiently described to justify its admission in evidence, the lack of positive identification goes to the weight of such evidence rather than its admissibility.' "

See also Gresham v. State, Okl.Cr., 456 P. 2d 119 and Richmond v. State, Okl.Cr., 456 P.2d 897.

█ The defendants last contention is that there was no evidence connecting them with the burglary and that mere possession of stolen property is insufficient to authorize a conviction of burglary. This Court has consistently held that mere possession of recently stolen property is insufficient to authorize conviction for burglary, but it is a circumstance to be taken into consideration by the jury, providing there is additional evidence to connect the defendant with the original breaking and entering. Lefthand v. State, Okl.Cr., 398 P. 2d 98; Meekins v. State, Okl.Cr., 420 P.2d 267, and Henley v. State, Okl.Cr., 371 P.2d 928.

We are of the opinion that the evidence placing the defendants directly across from the burglarized building, together with possession of stolen property, is sufficient to connect them with the actual breaking and entering. We, therefore, find this proposition to be without merit.

In conclusion, we find that the evidence amply supports the verdict of the jury, the punishment is well within the range provided by law, the record is free of any error which would justify modification or reversal, and under such circumstances, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, J., concurs.

NIX, J., not participating.