Jimmy EDGMON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15769.

Court of Criminal Appeals of Oklahoma.

May 26, 1971.

Frazier, Harris, Dyer, Pate & Hopper, Tulsa, Okl., Bill Pipkin, Moore, Okl., for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Ferguson, Asst. Atty. Gen., for defendant in error.

## OPINION

BRETT, Judge:

This is an appeal from the judgment and sentence of the District Court of Seminole County, State of Oklahoma, case No. CR 69–54. The plaintiff in error Jimmy Edgmon, hereafter referred to as the defendant, was convicted by a jury for the crime of "Larceny From The House"; and his punishment was set at one (1) year in the State Penitentiary. On December 2, 1969, the defendant filed a Motion for New Trial which was denied, and on December 16, 1969, defendant made an appeal bond in the amount of $2,000.00, and has timely perfected his appeal to this Court.

The facts will be briefly stated and for the sake of simplicity will refer only to the television set in that it typifies all articles allegedly removed from the residence. The Attorney General sets forth in his Response that the ownership of the property reportedly stolen, was established by testimony of persons other than the owner, because the owner was too ill to attend the trial. The residence from which the property was taken was destroyed by fire on December 9, 1968, and the television set could not be found in the ruins of this house.

On or about May 1, 1969, Officer Bob Lovelady received information that a stolen television set was in the possession of the defendant. Two or three weeks later the same informant, defendant's wife, again contacted Officer Lovelady and he procured a search warrant to search defendant's home, but before he could search the home of the defendant he was informed that the television set had been traded or sold to Mr. Bodkin in Maude, Oklahoma.

Mr. Bodkin testified that the television set had been brought to his store by the defendant and traded for a new color television set; and subsequent to that the television set had been sold to Mr. Smith in Konawa, Oklahoma.

On May 16, 1969, a warrant was issued and utilized for the search of the defendant's home, wherein numerous other articles were discovered and identified as belonging to the complaining witness.

The defendant maintained that there was insufficient evidence, either circumstantial or direct, to establish asportation of the stolen property by the defendant.

In this contention the State concurs, and cites the following cases as authority. Mercer v. State, 92 Okl.Cr. 37, 219 P.2d 1035 (1950); Capshaw v. State, 78 Okl.Cr. 266, 147 P.2d 175 (1944). In the case of Mercer v. State, *supra,* this Court held:

"Where it conclusively appeared that defendant was in possession of property which had been stolen but there was no evidence, either direct or circumstantial, to establish that defendant was party to asportation or taking thereof, defendant should have been informed against for receiving stolen property and not for grand larceny."

Even though the State has proved that the defendant had possession of the stolen articles, there is an insufficiency of any other facts which tend to prove asportation.

In Lefthand v. State, Okl.Cr., 398 P.2d 98 (1965) this Court said:

"This Court, in the very recent case of McLeroy v. State, Okl.Cr., 380 P.2d 546, said:

'The mere possession of property recently stolen is not sufficient to convict the possessor of Larceny or Burglary of it, but when the fact is supplemented with other facts inconsistent with the ideas that the possession is

honest, it then becomes a question of fact for the jury to pass upon the guilt or innocence of the defendant.' "

Also see Jones v. State, Okl.Cr., 468 P.2d 805 (1970).

The Attorney General confesses that the State has failed to advance any theory which tends to show defendant's possession to be anything other than lawful; and having failed to prove defendant's asportation of the stolen property, or unlawful possession of the property by defendant, urges that this conviction be reversed and remanded for a new trial.

Therefore, having considered the record, defendant's petition in error, and the Attorney General's Response this Court concedes the Attorney General's position and orders that this conviction shall be reversed and remanded to the District Court of Seminole County, Oklahoma, for a new trial. Therefore, District Court Case No. CR 69–54 is hereby

Reversed and remanded for a new trial.

BUSSEY, P. J., and NIX, J., concur.