**Larry Lavella SAYLOR, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A-17028.**

Court of Criminal Appeals of Oklahoma.

Nov. 1, 1972.

Andrew T. Dalton, Jr., Public Defender, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., James E. Briscoe, Legal Intern, for appellee.

OPINION

BRETT, Judge:

Appellant, Larry Lavella Saylor, hereinafter referred to as defendant, was convicted in the District Court of Tulsa County, Case No. CRF 70–2462, of robbery with firearms, and sentenced to not less than ten nor more than thirty years imprisonment. Judgment and sentence was imposed on May 14, 1971, and this appeal perfected therefrom.

It was charged by information that the defendant, on December 22, 1970, robbed Charles Emery Lockhart with the use of a firearm. The evidence established that Charles Lockhart was an employee of a Git-N-Go Store in Tulsa on December 22, 1970. At approximately 11:00 P.M., a man came into the store, produced a gun, and took the store's receipts from Lockhart. Lockhart identified the defendant as the robber. Michele Morris testified that she had previously dated the defendant and that on the night in question, she had a telephone conversation with defendant in which he advised her that he was going to rob a store.

For the defense, defendant's ex-wife testified that defendant was in her home during the morning and early evening hours of the day in question. She said that defendant was very intoxicated. Mildred Jean Wilson testified that she was with defendant all day on December 22nd, including the visit to his ex-wife's home. Miss Wilson testified that she and the defendant also visited the home of Miss Wilson's mother in Dewar, Oklahoma. According to Miss Wilson, after she and defendant left Dewar they returned to Tulsa, where they went directly to her apartment. According to her testimony, defendant had been drinking heavily. Mildred Jean Wilson's mother, Nettie Dobbs, also testified that her daughter and the defendant were in her home at approximately 8:00 to 9:00 P.M. on the evening of December 22nd.

Defendant testified that he had been drinking heavily on December 22nd. He

related that he had been with Miss Wilson on that day and had visited his ex-wife, and had also traveled to Dewar. According to defendant, he and Miss. Wilson returned to Tulsa around 11:00 P.M. and went directly to an apartment. Defendant denied having called Miss Morris and denied any involvement in the robbery.

It is defendant's first contention that the court erred in instructing the jury regarding the "Indeterminant Sentence Law." The court instructed the jury that in assessing punishment they might fix a minimum and a maximum term of imprisonment, but if they did so the minimum term "shall not be more than one-third of the maximum sentence." Again, in another instruction, the court advised the jury that in assessing the punishment "the minimum term assessed by you may not be less than, but shall not be more than one-third the maximum sentence imposed." Defendant argues that these instructions conflict with the provisions of 57 O.S.1971, § 353. Defendant's contention is correct.

■ Title 57 O.S.1971, § 353 provides essentially that "the court in assessing the term of the confinement may fix a minimum and a maximum term," but that the minimum term "shall not be more than, one-third the maximum sentence imposed by the court." Section 353 further provides, however, that this requirement shall not limit the right of a jury in assessing a minimum and maximum term "so long as the maximum confinement be not in excess of the maximum term of confinement provided by law for conviction of the offense." Thus, the trial court incorrectly instructed the jury that if they fixed a minimum/maximum term, the minimum term could not be more than one-third the maximum term. However, we have previously held that such an error is harmless as such an "instruction would appear to be beneficial to the defendant, rather than detrimental." Kupiec v. State, Okl.Cr., 493 P.2d 444 (1972). Accordingly, we find no basis for reversal or modification in this assignment of error.

It is defendant's second assignment that the trial court erred when it instructed the jury that "certain evidence has been introduced tending to show that the defendant has heretofore been convicted of other distinct offenses from that charge" and that such evidence is not to be considered as tending to prove guilt or innocence, but that it may be considered as affecting defendant's credibility. During the cross-examination of the defendant, the prosecutor inquired if he had any prior convictions for any state or federal offense. Defendant denied any such convictions, but admitted to city traffic offenses. Defendant argues that since there was no evidence of state or federal convictions, and since municipal violations are not considered for purposes of impeachment, that the giving of the instruction that former convictions are to be considered only for purposes of impeachment, constituted error.

■■ We agree that where there was no evidence of actual felony convictions, such an instruction is inappropriate. However, under the facts of this case we are under the opinion that there was no prejudice to the defendant. Since defendant admitted to a municipal violation, it perhaps well served his interest that the jury was instructed that former convictions could only be considered for purposes of credibility. Furthermore, the defendant offered no instructions to the court, nor did he make an objection to any of the court's instructions. It is a familiar rule of this jurisdiction that when the defendant fails to request instructions or object to the trial court's instructions, this Court, on appeal, will not consider alleged error regarding instructions unless such is of a fundamental nature so as to deny the defendant a fair and impartial trial. Meekins v. State, Okl.Cr., 420 P.2d 267 (1966). Schapansky v. State, Okl.Cr., 478 P.2d 912 (1971). We do not find the challenged instruction to be of a fundamental nature so as to deny a fair and impartial trial.

■ It is defendant's third contention that the trial court erred when it overruled

defendant's objection to an alleged improper comment of the prosecuting attorney in closing argument. In the closing argument the prosecutor stated: "That man is wrong; he committed a crime against the laws of the State of Oklahoma; he took and robbed a . . . " Defendant argues that this statement was error as the prosecutor was giving his opinion as to the guilt of the defendant. As the objection was interposed to this comment, the prosecutor finished his sentence, adding "based on the evidence." For the remarks of the prosecuting attorney to constitute reversible error, they must be flagrant and of such a nature as to be prejudicial to the defendant. Montgomery v. State, Okl.Cr., 447 P.2d 469 (1968). We do not find that the challenged remark of the prosecutor was of such a nature.

Lastly, we find no merit to the contention that the punishment is excessive, since a conviction under 21 O.S.1971, § 801 carries no maximum term of imprisonment. Accordingly, judgment and sentence is hereby affirmed.

BUSSEY, P. J., concurs in result.