**Buddy Ray POTTER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17679.**

Court of Criminal Appeals of Oklahoma.

March 13, 1973.

Barry Albert, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Amy Hodgins, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Buddy Ray Potter, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF–71–2769, for the offense of Assault With a Deadly Weapon With Intent to Kill, After Former Conviction of a Felony. His punishment was fixed at twenty (20) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Officer William Frank Wise testified he was employed as a police officer with the Oklahoma City Police Department and on November 20, 1971, at approximately 8:40 p. m., he and his partner, Officer David Clary, were in the vicinity of the area of S.W. 29th Street and Meridian. He, Officer Wise, observed a vehicle approaching a stop sign at 29th and Meridian at a high rate of speed and the vehicle had to brake very hard to get to a complete stop. The vehicle then proceeded away from the stop sign at a high rate of speed. The officers then proceeded after the vehicle with their emergency equipment on and were able to stop the vehicle at 29th and Portland.

After stopping the vehicle, Officer Wise testified that he approached the vehicle and shined his flashlight around the front seat and floorboard of the vehicle and observed a bottle between the feet of the driver. Officer Wise then told the passenger to step out of the car. His partner, Officer Clary, asked the driver, defendant, to step out of the car. Officer Wise then removed the bottle from the car and, after ascertaining that the bottle was a bottle of wine, he took it back to the patrol car. After returning from the patrol car, Officer Wise observed the defendant arguing with his partner. He approached the two men and told the defendant that he was going to jail him for speeding, transporting an open bottle and for not having a State driver's license. The defendant then pulled out a gun, previously concealed in his clothing, turned and ran, stopping to shoot in the officer's general direction. The officer did not return the fire at this time because a woman was standing in the line of fire. The defendant fired at least twice before the officer was able to return any fire. Officer Wise then yelled for the defendant to stop. The defendant did stop and turned and pointed his gun at Officer Wise and stated, "Now you're going to die." At this point, Officer Wise told his partner to shoot the defendant. His partner, Officer Clary, shot the defendant. An ambulance was called and the defendant was taken to a hospital where he was treated for the gunshot wound, released and brought to the police station.

Officer Clary, Officer Wise's partner, testified next on behalf of the State and related substantially the same facts as testified to by Officer Wise.

Diana Sneed next testified for the State. She testified that her car had stalled in the vicinity of S.W. 29th and Portland on the evening of the event. Upon getting out of her car, she noticed the police officers

across the street and walked over to see if the policemen could help her start her car. Upon arriving at the scene, Miss Sneed observed one of the officers getting ready to frisk the defendant. She then testified that she saw the defendant pull out a gun, run, and turn back and fire at the police officer.

Otto B. Abell, a service station employee, testified that he saw the defendant's car and the patrol car, and that he heard shots from a small caliber pistol before he heard the shots from the patrolman's revolver.

Doyle Connelly, a lab technician for the Oklahoma City Police Department next testified. He testified that the gun found at the scene had been fired.

Joe Robertson, an employee of the Oklahoma City Police Department, testified that he retrieved a pistol at the scene of the crime which was lying approximately 30 to 40 feet from where the defendant was lying after being shot. He further identified State's Exhibit No. 3 as being the pistol he found at the scene of the crime.

Officer Wise was recalled by the State at this time and identified State's Exhibit No. 2 as the wine bottle that was taken out of the defendant's car. He further testified that State's Exhibit No. 3, a gun found at the scene, resembled the gun the defendant shot at him with on the evening of the incident.

The defendant offered no evidence in his behalf.

■ The defendant, under his proposition number one, contends that the police officers' testimony was so conflicting that there was not sufficient evidence to establish probable cause to stop the defendant or interfere with his free movement on the streets. Therefore, the arrest was illegal and the evidence obtained from the defendant's car (bottle of wine) should have been suppressed as an unlawful search. Defendant further contends that by reason of the arrest being unlawful, the trial court should have instructed the jury on defend-

ant's right to resist an unlawful arrest and his right to use whatever force is necessary. We do not agree. Both police officers testified they observed the defendant's car approach the stop sign at a high rate of speed and the car had difficulty stopping. One officer testified the defendant came to a rolling stop while the other officer testified he stopped completely. Both officers testified the defendant proceeded away from the intersection at a high rate of speed. Both officers testified that it was some distance after turning their emergency equipment on before the defendant stopped. One officer testified the defendant's speed was approximately 60 miles per hour while they were in pursuit of him, while the other officer testified his speed was approximately 45 miles per hour and the posted speed was 45 miles per hour in this area.

Title 22 O.S.1971, § 196, states in part: "A peace officer may, without a warrant, arrest a person:

"1. For a public offense, committed or attempted in his presence."

We believe the above facts are sufficient to indicate that the defendant committed an offense in the officers' presence, to-wit: Speeding, disregarding a traffic stop sign, and driving his vehicle in an erratic manner. Further, after stopping the defendant, the officers ascertained that the defendant did not have a valid State driver's license and was transporting an open bottle, two other offenses committed in the officers' presence.

■ The defendant further contends under proposition number one that even if the arrest was valid, a minor traffic violation will not support a search and seizure of items contained within an automobile. Therefore, the open bottle of wine should have been suppressed. Both police officers testified that the wine bottle was in open view and observed by them after shining the flashlight beam into the car.

Actions of a police officer looking at items in plain view is not a search. See Cheatham v. State, Okl.Cr., 483 P.2d 1172

(1972). Also see the case of Smith v. State, Okl.Cr., 456 P.2d 626 (1969).

But assuming, arguendo, that the arrest was unlawful, the defendant was still not justified in the use of a deadly weapon to resist the arrest. This Court, in the case of Walters v. State, Okl.Cr., 403 P.2d 267 (1965), in the fourth paragraph of the Syllabus, held:

"If the official character of the officer is known to the person sought to be arrested, or if the officer informs him of his official character and his reason for the arrest, and the person sought to be arrested has no reason to apprehend any treatment other than detention, he is not justified in the use of a deadly weapon in resisting the arrest."

The defendant next contends under proposition number one that the trial court erred by not instructing the jury that if they found the arrest to be unlawful and without probable cause, the defendant had a right to resist said arrest by the use of whatever force was necessary.

It is this Court's opinion that the arrest was lawful and the trial court properly refused to give defendant's requested instruction. But again assuming that the arrest was not lawful, the trial court still properly rejected the requested instruction by the defendant. This instruction, if given, would have encompassed the use of deadly force and would have been improper even if the arrest had been unlawful. See Walters v. State, *supra*.

Under defendant's second proposition, he asserts the trial court erred in failing to sustain the demurrer to the evidence interposed at the conclusion of the State's case and renewed at the conclusion of the defendant's case, in that the verdict and judgment are contrary to the law and evidence and that the evidence is insufficient to support the verdict. The defendant contends there is no evidence in the record of his attempt to shoot at any particular person nor did he ever make a threat to shoot any person when he had the present ability to do so by reason of the gun being re-covered some thirty to forty feet from where the defendant was lying. The record reflects that the defendant was in possession of a hand gun at the beginning of the affray; that defendant was discharging the gun towards Officer Wise; and that defendant turned and pointed his gun toward Officer Wise and stated, "Now you're going to die." This Court has consistently held that it is the exclusive province of the jury to weigh the evidence and determine the facts, and where the verdict is based on probable testimony, the reviewing court will not interfere with the verdict. Turner v. State, Okl.Cr., 479 P.2d 631 (1971).

Under defendant's third proposition, the defendant turns to the second stage of the trial and urges that the trial court erred in failing to sustain defendant's demurrer to the evidence in the second stage, erred in permitting the State to amend its Information as to the second stage after resting its case in chief, and erred in permitting the State to endorse additional witnesses in the middle of the second stage, and erred by aiding and assisting the State in the method of proving the "after former conviction of a felony" portion of the prosecution. These assignments of error will be discussed in the order that they appear above.

The defendant first argues that the trial court erred in failing to sustain defendant's demurrer to the evidence in the second stage of the proceedings. We do not agree. The State offered the following evidence in the second stage of the trial: A judgment and sentence of the prior conviction; a witness who identified the defendant as the same person convicted for the prior offense; that the defendant was represented by counsel in the prior case; and that the judgment and sentence was final in the prior case. We, therefore, find no error in the trial court's overruling defendant's demurrer to the evidence in the second stage.

The defendant's other three contentions under this assignment of error are not supported by argument or the citation

of authority. This Court has repeatedly held:

> " 'It is necessary for counsel for plaintiff in error not only to assert error, but to support his contentions by both argument and the citations of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this court will not search the books for authorities to support the mere assertion that the trial court has erred.' " Sandefur v. State, Okl.Cr., 461 P.2d 954.

Therefore, having considered the briefs and records before this Court and finding the defendant was not deprived of any fundamental right, we are of the opinion the judgment and sentence herein should be, and the same is hereby, affirmed.

BUSSEY, J., concurs.

BRETT, J., concurs in results.